26212. WYNN *v.* RAHAL, administratrix, *et al.*

DECIDED NOVEMBER 10, 1937.

*Adams & Nelson,* for plaintiff in error. *C. C. Crockett,* contra.

MACINTYRE, J. The plaintiffs' attorney contended that the defendant owed the plaintiffs $400 in rent, and that he had a contract with his clients for 15 per cent. of the recovery as attorney's fees, and that the plaintiffs and the defendant settled among themselves by agreeing to a "square off," that is, the plaintiffs were to dismiss their suit upon the condition of the defendant's

dismissal of his claim; that the plaintiffs had not paid him his fee, and he sought leave of the court to proceed with the trial of the cases for the purpose only of recovering attorney's fees. The defendant denied that any settlement had been effected and consummated. After the introduction of evidence the judge directed a verdict for the plaintiffs' counsel for $48 attorney's fees. The distress warrant was issued on August 16, 1934. The counter-affidavit (answer) alleging that "the sum distrained for was not due" was executed the same day. The dispossessory warrant was issued September 4, 1934. Counter-affidavit was executed September 5, 1934. These papers were filed in the clerk's office on October 11, 1934. By agreement the two cases were consolidated and tried together. When Wynn, the defendant in fi. fa., who was adjudicated a bankrupt on April 1, 1935, claimed and applied for a $1600 homestead and exemption, he did not receive the full amount thereof, but on April 20, 1935, an exemption of $905 was set apart and allowed to him, consuming all of the estate which was subject to exemption, but being $695 less than the amount of the constitutional exemption ($1600) to which he was entitled under the law of Georgia. Wynn did not list in his schedule of assets his claim or "counter-claim" against the plaintiff for damages, as an asset of his bankruptcy estate. Wynn's amendment to his original counter-affidavit (answer) was allowed on July 22, 1935, in which he asked for a judgment over and against the plaintiffs of $1463.

■ "In defense to the action it was not necessary for the defendant, by way of pleading, to have gone further than simply to allege in her counter-affidavit that 'the sum distrained for was not due.' *Anders* v. *Blount,* 67 *Ga.* 41. Such a denial would have fully met the requirements of the statute. *Girtman* v. *Stanford,* 68 *Ga.* 178. And, without formally pleading the matters set up in her special pleas filed in connection with such general denial, it was her undoubted right to introduce any evidence which was competent and relevant in support of the defense relied upon. *Johnston* v. *Patterson,* 86 *Ga.* 725, 728 (13 S. E. 17). It was her privilege, however, by way of amplification and explanation, to specially allege any pertinent facts showing that, as sworn to in her counter-affidavit, no rent was due. Indeed, such a practice is to be encouraged, as it tends to facilitate the administration

of justice by more clearly and accurately presenting the issues to be passed upon." *Hawkins* v. *Collier,* 101 *Ga.* 145, 148 (28 S. E. 632). See also *Smith* v. *Green,* 128 *Ga.* 90 (3) (57 S. E. 98). "After an adjudication in bankruptcy and before the appointment of a trustee the bankrupt has sufficient title in the property theretofore owned by him to authorize the institution and maintenance of a suit by him to protect the assets of the bankrupt estate." *Maner* v. *Clark-Stewart Co.,* 33 *Ga. App.* 424 (126 S. E. 871). "A trustee in bankruptcy may, but need not, intervene as plaintiff in a suit brought by the bankrupt before the adjudication in bankruptcy. If no trustee is appointed, or if the bankrupt court does not consider it to the interest of the estate to permit the trustee to prosecute the suit previously brought by the bankrupt, the action does not thereby abate, nor is the bankrupt's debtor discharged from liability in the pending action. The bankrupt may have an interest in the recovery as the source from which he may receive any homestead exemption to which he is entitled, and he also has the right to enlarge the estate for the benefit of his own creditors." *Griffin* v. *Mutual Life Ins. Co.,* 119 *Ga.* 664 (46 S. E. 870). The original answer denied the indebtedness and the amendment thereto set up the additional plea of recoupment or counter-claim. The time of the filing of the amendment to the answer related at least to the filing of the original answer, and at the time of the filing of the original answer there was no adjudication in bankruptcy and no trustee appointed; hence "the validity of a pending suit, or of the decree or judgment therein, was not affected by the intervening bankruptcy of one of the parties." Thatcher *v.* Rockwell, 105 U. S. 467 (supra); Danciger &c. Oil Co. *v.* Smith, 276 U. S. 542 (48 Sup. Ct. 344).

There was no motion to dismiss the writ of error. The defendant in error merely states in his brief that "the bill of exceptions does not have the necessary parties. They are indicated as 'et al.'" This is a mere statement of what the defendant contends is a fact, but it does not invoke a ruling of the court. The parties defendant in error were designated in the bill of exceptions as "Mrs. F. Rahal, administratrix, and Alex M. Jepeway, et al., and the plaintiffs in the court below, as defendants in error" herein. There were various plaintiffs in the court below, some of whom were properly made defendants in error. Conceding that

all of the plaintiffs in the trial court should be made parties defendant in error in the bill of exceptions brought to review the judgment of the trial court, the attorney of record of all of the plaintiffs in the trial court having acknowledged service as "C. C. Crockett, attorney for defendants in error" and by the act of 1911 (Code, § 6-913) this error being amendable and not fatal, and "because the defendant in error can be supplied from the record" (*Carter* v. *Parrish,* 154 *Ga.* 531, 114 S. E. 709), in the absence of a motion to dismiss, this court will not dismiss the writ of error. *McEachin* v. *Jones,* 165 *Ga.* 403 (140 S. E. 878); *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190); *Toccoa Electric Power Co.* v. *Panter,* 178 *Ga.* 258, 261. However, "good practice requires that the plaintiff or plaintiffs and the defendant or defendants in a bill of exceptions should be expressly designated as such by their names." *Greenwood* v. *Greenblatt,* 173 *Ga.* 551, 554 (161 S. E. 135).

■ "While attorneys at law have the same right and power over suits brought in behalf of their clients to enforce their lien for fees as their clients have, and such suits may be prosecuted for the benefit of the attorney having a lien, notwithstanding a settlement between the parties to the suit, made without the knowledge or consent of the attorney, still there can be no recovery in behalf of the attorney, unless the evidence is of such a character as would have authorized a recovery by the client if the suit were still proceeding for his benefit." *Atlanta Railway & Power Co.* v. *Owens,* 119 *Ga.* 833 (47 S. E. 213). And "Where the defendant settles with the plaintiff without the consent of plaintiff's attorney, the latter may, nevertheless, continue the action for the purpose of asserting his lien and recovering his fees; but before he can get a recovery against the defendant, he must make it appear that the defendant was indebted to him, or had endamaged him. . . To state it differently, the attorney in such cases must introduce such proof as he should if the action were proceeding for the benefit of his client. The mere fact that the defendant pays less than the full amount, after suit is instituted, is at most an admission in the nature of a compromise, and would not prove that the liability in fact existed." *Collier* v. *Hecht-Brittingham Co., 7 Ga. App.* 178 (66 S. E. 400). Assuming that there was no settlement or compromise, then if there was evidence which would have

696

authorized the jury to find that the defendant had been damaged by the leaking condition of the building and that these damages to the defendant were in amount equal to or greater than the rent, then the plaintiff would not have been entitled to a recovery, and, of course the attorney having a contract for a contingent fee could recover no fee. If no recovery was authorized for the plaintiff, no recovery would be authorized for the plaintiff's attorney for a contingent fee. On the other hand, even if we assume that there was a settlement in the nature of a compromise, proof of the settlement alone would not prove that the liability in fact existed. The evidence must be of such a character as would authorize a recovery by the client if the suit were still proceeding for the benefit of the client. If the plaintiff was not entitled to recover, irrespective of the settlement in the nature of a compromise, then there could be no recovery of a contingent fee by the plaintiff's attorney. The evidence for the defendant, if accepted by the jury, would authorize a finding that the defendant had been damaged by the leaking condition of the building in an amount equal to or in excess of the rent; and if they so found, this would have defeated a recovery. Hence, under the pleading and the evidence of both sides, issues of fact were presented which should have been determined by the jury. *Jobson v. Caldwell,* 53 *Ga. App.* 731 (187 S. E. 117). The judge erred in directing the verdict.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*