James A. **WALLACE**, Bankrupt, Appellant,

v.

**LAWRENCE WAREHOUSE COMPANY and Crocker-Anglo National Bank and Small Business Administration**, Appellees.

No. 18942.

United States Court of Appeals Ninth Circuit.

Nov. 6, 1964.

Rehearing Denied Dec. 4, 1964.

Ted R. Frame, Coalinga, Cal., for appellant.

William Wallace, Wallace, Garrison, Pascoe, Norton & Ray, San Francisco, Cal., for appellee Lawrence Warehouse Co.

Almon McCallum, Frank J. Potasz, San Francisco, Cal., for appellee Crocker-Anglo Nat. Bank.

Thomas R. Sheridan, Francis C. Whelan, U. S. Attys., and Donald J. Merriman, Asst. U. S. Atty., Los Angeles, Cal., for Small Business Administration.

Before POPE, KOELSCH and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

On July 2, 1962 James A. Wallace, whose business is described as that of mining, selling, hauling and spreading gypsum, filed in the district court a petition proposing an arrangement under Chapter XI of the Bankruptcy Act (11 U.S.C. §§ 701ff). He was permitted to continue in possession of his property and he thereby became vested, subject to the control of the court, with all of the powers of a trustee in bankruptcy. (11 U.S.C. § 742). On July 18, 1962, he filed a "petition to classify creditor as unsecured." In that petition he alleged that, on September 12, 1961, Lawrence Warehouse Company, one of the appellees herein, issued warehouse receipts on 287,497 tons of gypsum situated at Wallace's mine, as security for an indebtedness of Wallace to Crocker-Anglo National Bank and Small Business Administration, an agency of the United States government. He alleged that on the date of the filing of his petition, the unpaid balance of the debt was $130,737.92. He claimed that the warehouse receipts had been issued in violation of California Civil Code § 1858, and alleged that Lawrence Warehouse Company did not have the gypsum in its store or under its control. He prayed that the liens be declared null and void as against his creditors and that Crocker-Anglo National Bank, Small Business Administration and Lawrence Warehouse Company be classified as unsecured creditors.

The referee issued an order to show cause, and Crocker-Anglo National Bank and Small Business Administration appeared, objecting to the jurisdiction of the bankruptcy court. They also asserted that Lawrence Warehouse Company did have possession of the gypsum sufficient to support the issuance of the warehouse receipts in question, and that, under Wallace's plan of arrangement submit-

ted to the court, he did not propose to give the bank or the Small Business Administration the benefit of any value to be obtained from the granting of the petition to classify them as unsecured creditors. They suggested that he therefore could not, solely for his own benefit, void the security arrangement that he had entered into. Lawrence Warehouse Company also appeared, objected to the jurisdiction of the court, and asserted the same grounds for denial of the petition as did the creditors.

The referee conducted a lengthy hearing, found that Lawrence Warehouse Company, which claimed possession under a so-called "field warehousing" arrangement, did not in fact have possession, and granted the petition. Lawrence Warehouse Company and the two creditors petitioned for a review of the order and the district court, on June 21, 1963, ordered the referee's order reversed. Findings of fact, conclusions of law and judgment were filed and entered on July 15, 1963. In essence, the district court determined that the referee's findings were clearly erroneous, that Lawrence Warehouse Company did have possession, and that the two creditors therefore had valid security in the form of warehouse receipts covering the gypsum.

On July 29, 1963, Wallace appealed to this court. On the same day, the referee ordered Wallace adjudicated a bankrupt. At the first meeting of creditors on August 21, 1963, Frank H. Lang, Jr. was appointed trustee in bankruptcy.

Wallace's opening brief was filed with this court on May 1, 1964. On May 18, 1964, a document was filed in this court entitled "Assignment and Substitution." In this document Lang, as trustee, purports to assign to Wallace "the cause of action which is the subject matter of the above styled appeal, together with all rights of appeal and to pursue the same, and does hereby substitute James A. Wallace as appellant therein." Attached to this assignment is a certified copy of a petition to the referee for leave to abandon property. In that petition Lang, as trustee, requested permission to abandon "Bankrupt's interest in Gypsum inventory and in appeal against Lawrence Wholesale [sic] Co. (re: this interest)." He alleged that the "property" had no value, and that "it would be impossible for your petitioner to realize anything, as trustee, out of the interest of the bankrupt in and to the property in excess of the amount due and owing on said property." He requested an order authorizing him to abandon "the property." The referee so ordered on April 22, 1964.

On June 16, 1964, Lawrence Warehouse Company moved to dismiss the appeal on the ground that the issues involved had become moot. One ground for the motion is that the only issues in the trial court and on appeal were concerned with whether appellees were secured or unsecured creditors in the bankruptcy, and that the abandonment by the trustee has rendered these issues moot. We passed consideration of this motion to the hearing of the appeal on its merits, and both the motion and the appeal have now been submitted to us. The two creditors join in the motion. We conclude that the motion must be granted.

Appellant's position is that by the abandonment, the interest in the gypsum asserted by the trustee reverted to the bankrupt.[1] He also says that, because

---

1. The ordinary rule is that, when a trustee abandons property of the bankrupt, title reverts to the bankrupt, nunc pro tunc, so that he is treated as having owned it continuously. See Sparhawk v. Yerkes, 1891, 142 U.S. 1, 12 S.Ct. 104, 35 L.Ed. 915; Sessions v. Romadka, 1892, 145 U.S. 29, 12 S.Ct. 799, 36 L.Ed. 609; Brown v. O'Keefe, 1937, 300 U.S. 598, 57 S.Ct. 543, 81 L.Ed. 827. This is a fiction, and a fiction is but a convenient device, invented by courts to aid them in achieving a just result. It is not a categorical imperative, to be blindly followed to a result that is unjust. The Supreme Court itself had not so followed it. Dushane v. Beall, 1896, 161 U.S. 513, 16 S.Ct. 637, 40 L.Ed. 791; First National Bank of Jacksboro v. Lasater, 1905, 196 U.S. 115, 25 S.Ct. 206, 49 L.Ed. 408. See also In re J. C. Winship Co., 7 Cir., 1903, 120 F. 93, 96.

he has received his discharge in bankruptcy, the two creditors have no claim against him, and can assert no interest (except as lien holders) in the asset abandoned by the trustee. Consequently, he says, if he can show that the lien on the property is invalid, he is entitled to the property free and clear.

It would be rather remarkable if this result could be achieved, since it is conceded that the unsecured creditors, which would include the appellee creditors if their security is invalid, have been paid nothing in the bankruptcy. Indeed, Wallace applied to this court for, and we granted, an order permitting him to proceed upon the original transcript without duplicating the same. He asserted in his application that the matter was of considerable importance to the estate of the bankrupt and to his unsecured creditors because the gypsum involved may be the only possible source of payment to such creditors and that there were no funds in the estate with which to pay for copies of the record or for the printing of briefs.

If the trustee, instead of going through the form of an abandonment, had merely dismissed the appeal, the judgment of the trial court would have been final, and would have established the creditors' right to their security. Yet we now find Wallace asserting that, because the trustee, instead of dismissing the appeal, obtained permission to abandon the appeal and the interest that he had as trustee in the gypsum, and because Wallace has been adjudicated a bankrupt and been discharged, he, Wallace, is entitled to all of the gypsum free and clear of the claims of these secured creditors, and indeed, of any of his creditors. This court will not lend itself to any such peculiar result. A reading of the papers in the case leads us to conclude that the so-called abandonment, as it relates to the appeal, was nothing more than a determination that the probabilities of success on the appeal were so small as not to make it worth while to proceed, and that the "property" had no value only in the sense that there was no equity in it over and

above the secured creditors' rights. The substance of what was done was to abandon the appeal. The "assignment and substitution" are of no effect. Lang had nothing to assign, having already abandoned. It is true that Lang, as trustee, had control of the equity of the bankrupt, if any, in the gypsum. But that equity was determined by Lang to be worthless. The judgment did not deprive Lang as trustee, or Wallace as his successor by abandonment, of that equity. Wallace, when he appealed, still had the rights of a trustee, and purported to be acting for his creditors. He lost that standing when he was adjudicated a bankrupt. At that point, only Lang had standing to prosecute the appeal. Cf. Castaner v. Mora, 1 Cir., 1954, 216 F.2d 189. The abandonment of the appeal, therefore, did not transfer to Wallace the right of appeal; it left the judgment in effect. The abandoned equity must be held to be subject to the judgment, and thus to the rights of Lawrence Warehouse Company and through it, of the two secured creditors, as established by the judgment. Wallace has no standing.

We conclude that the appeal is moot and should be dismissed, and it is so ordered.