## 46946. PALM BEACH INVESTMENT PROPERTIES, INC. et al. v. DINGMAN.

EVANS, Judge. Robert Dingman, the plaintiff, sued three Florida corporations; to wit, Palm Beach Investment Properties, Inc., Cape Cave Corporation and Cavanagh Leasing Corporation, alleging that the defendants employed him as a salesman, operating out of the defendants' office in the City of Atlanta, Fulton County, Georgia, to sell Florida real estate to residents of Georgia, said realty being owned by defendants and/or their wholly owned subsidiaries. Plaintiff was to receive a commission for his fulltime services and he was to receive a drawing account of $200 per week, which was to be charged against his commissions. Without explanation, defendants terminated their operations in Atlanta, closed their office, and advised plaintiff he would be employed elsewhere. Based on this advice plaintiff remained unemployed for two months thereafter, receiving nothing during said period. Premised upon defendant's misrepresentation, he sued for damages. The defendants answered separately, seeking to dismiss the action for lack of personal jurisdiction, upon the grounds that the defendants never transacted business in Georgia and were, therefore, not subject to jurisdiction of the Georgia courts. They also denied the material portions of the complaint. In addition, Palm Beach set up a defense admitting that plaintiff had been employed by it, but contended that under the agreement of employment plaintiff was indebted to it for $654.24 as plaintiff had been paid $1,370.94 and had only earned commissions totaling $716.70. It also set up an accord and satisfaction, contending the plaintiff had accepted, in compromise of the dispute, a check in the amount of $328.76 and was thereby estopped to proceed in this action. This defendant prayed judgment against the plaintiff in the sum of $654.24.

The motions to dismiss with respect to lack of jurisdic-

tion under the Georgia Long Arm Statute (*Code Ann.* § 24-113.1 et seq.; Ga. L. 1966, pp. 343, 344; 1968, pp. 1419, 1420; 1970, pp. 443-445) were denied. The case proceeded to a trial before a jury, at which time a verdict for plaintiff was returned for $1,371.34. Motion for new trial was thereafter filed, amended, and denied. The defendant appeals.

Errors are enumerated as to the following: (1) the denial of defendants' motions for dismissal based upon a lack of personal jurisdiction over defendants by reason of the Georgia Long Arm Statute, Ga. L. 1966, p. 343, as amended in 1968, 1970; (2) the lack of venue as it applied to the defendant, Cape Cave Corporation; (3) the denial of defendants' motion for new trial on the general and certain special grounds, contending the evidence was insufficient to support the verdict against any of defendants and particularly as the plaintiff, by his uncontradicted testimony, showed he was employed by Palm Beach Investment Properties, Inc. only, and not by the other two corporations; and (4) the denial of the special grounds of the motion for new trial which contended the prosecution of the claim was not properly vested in plaintiff but rather in the trustee in bankruptcy. (The plaintiff had filed a petition in bankruptcy listing this claim as an asset of the estate).

Plaintiff, as appellee, has filed a motion to dismiss the appeal in this court. *Held:*

1. Plaintiff contends the appeal should be dismissed because it is an appeal from "the judgment rendering verdict for plaintiff entered in this action on May 9, 1971," whereas the only orders filed were the order entering judgment filed May 7, 1971, and the denial of the motion for new trial filed on November 1, 1971. The 1968 amendment to the Appellate Practice Act of 1965 (*Code Ann.* § 6-809 (d); Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074) expressly states that where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination

of the foregoing, what judgment is appealed from, the appeal shall be considered. It is clearly apparent that this is an appeal from the judgment rendered on the verdict filed on May 7, 1971, as this is the only judgment rendered after verdict, and error is enumerated as to the overruling of the motion for new trial. The motion to dismiss is denied. *Brackett v. Allison,* 119 Ga. App. 632 (1) (168 SE2d 611).

2. The evidence shows the plaintiff was hired by men who held employment and managerial positions with all three corporate defendants. While the plaintiff may have received commission checks from one corporation for the sale of property by another, both of which were wholly owned by the third, which handled all the accounting data as a holding company, the evidence was sufficient to hold the parties liable in Georgia for having transacted business within the State of Georgia. The Georgia Long Arm Statute (*Code Ann.* § 24-113.1) provides: "A court of this State may exercise personal jurisdiction over any non-resident . . . as to a cause of action arising from any of the acts, omissions, ownership, use or possession enumerated in this section . . . if in person or through an agent, he: (a) Transacts any business within this State." The evidence demonstrated that plaintiff was employed by persons acting as agents for all three defendants, to attempt to sell Florida realty in Georgia, through their Atlanta office. Further, the three corporations have interlocking directors and control, and the contracts, when executed, created contractual obligations with Georgia residents which contracts are of pecuniary benefit to all three defendant corporations. When plaintiff was paid it was on checks belonging to Palm Beach; when his employment was terminated it showed he was an employee of Cavanagh; and the contract showed the defendant Cape Cave was the owner of the property conveyed to the Georgia residents.

3. As to defendant Cape Cave's claim of improper venue, *Code Ann.* § 24-116, supra, provides: "The venue of

claims or causes of action arising under the provisions of this law [§§ 24-113.1 through 24-118] shall be in *any county wherein the business was transacted,* the act or omission occurred, or the real property is located." (Emphasis supplied.) All of the Georgia business transacted by the defendants was through their principal Georgia office, located in Atlanta. Said business was transacted through sales, dinners and employment interviews, conducted throughout many counties of the State. The employment contract with the plaintiff, by the three defendants, which was breached, was consummated in Fulton County. There is no justification for defendant Cape Cave's allegation that venue was improper as to it.

4. The evidence was sufficient to support the verdict and none of the general or special grounds of the amended motion for new trial, complaining thereof, is meritorious.

5. The bankrupt plaintiff had the right to prosecute his claim to verdict and judgment regardless of whether or not the trustee had abandoned the chose in action, for in no event is a debtor of the bankrupt discharged from liability under these circumstances. See *Conner v. Southern Express Co.,* 42 Ga. 37 (5 AR 543); *Wynn v. Rahal,* 56 Ga. App. 692 (1) (193 SE 610). There is no merit in the contention the plaintiff could not maintain this action since he was a bankrupt.

*Judgment affirmed. Bell, C. J., concurs. Eberhardt, J., concurs in the judgment only.*

SUBMITTED MARCH 7, 1972—DECIDED APRIL 3, 1972.

*Harmon & Smith, Nolan B. Harmon, Howard W. Jones,* for appellants.

*Savell, Williams, Cox & Angel, Henry Angel,* for appellee.