**TRANSLOAD & TRANSPORT, INC.**

v.

**AMERICAN MARINE UNDERWRITERS INC. and Employers Insurance of Wausau, a Mutual Company.**

Civ. A. No. 88–1883.

United States District Court, E.D. Louisiana.

Dec. 9, 1988.

Hulse, Nelson & Wanek, Scott G. Jones, New Orleans, La., for Transload & Transport, Inc.

Abbott, Webb, Best & Meeks, S. Daniel Meeks, Terrence K. Knister, New Orleans, La., for American Marine Underwriters Inc. Employers Insurance of Wausau.

ROBERT F. COLLINS, District Judge.

Plaintiff, Transload & Transport, Inc., moves the Court to dismiss the above-entitled litigation, without prejudice, so that it may pursue said action in bankruptcy court. Defendants, American Marine Underwriters, Inc. and Employers Insurance of Wausau, A Mutual Company, move the Court to grant summary judgment in their favor pursuant to Federal Rule of Civil Procedure 56 and for appropriate Rule 11 sanctions.

The plaintiff's Motion to Dismiss without prejudice is DENIED, and the defendants' Motion for Summary Judgment is GRANTED.

*Historical Background*

The plaintiff in this matter, Transload & Transport, Inc. (hereinafter "Transload & Transport"), filed this action to recover payment allegedly due it under an insur-ance policy issued by Employers Insurance of Wausau, A Mutual Company (hereinafter "Employers Insurance of Wausau"), to Transload & Transport for damages incurred to Tow Barge TCB–311.

On or about September 21, 1988, a hearing was held before this Court on the same motion for summary judgment brought by the defendants herein. That motion for summary judgment contended that: (1) the plaintiff's alleged claim for payment under the insurance policy had prescribed; and (2) the named plaintiff, Transload & Transport, did not have standing to sue the defendants on its own behalf, since it was involved in bankruptcy proceedings.

In ruling on this motion, the Court denied the motion with leave to reurge and ordered the plaintiff to amend its petition to substitute the Bankruptcy Trustee as proper party plaintiff for Transload & Transport to allege an unprescribed cause of action on a negotiable instrument, and to add as plaintiffs, Twin City Barge and Towing Company and Greyhound Leasing and Financial Corporation, the other parties to the negotiable instrument, within thirty days so that suit could properly be brought on the negotiable instrument. The plaintiff failed to comply with the Court's Order and October 21, 1988 filed a Motion to Dismiss this action, without prejudice, so that it may pursue said action in bankruptcy court. Accordingly, defendants reurged their previous motion for summary judgment on October 28, 1988.

*Motion to Dismiss*

█ In support of its motion to dismiss, plaintiff simply states:

"... to date, plaintiff has not been able to acquire permission from those additional payees to represent them as additional plaintiffs in this matter. Further, plaintiff feels that it would be in the best interest of all parties herein, as well as judicial economy to have this lawsuit dismissed without prejudice at this time for further resolution of any other disputes in the United States Bankruptcy Court for the Middle District of Louisiana where the bankruptcy action for Trans-

load & Transport, Inc. is presently pending."

The Court finds the above-stated reason insufficient cause for it to grant a dismissal without prejudice. Additionally, the Court notes that the plaintiff has failed, even up to this date, to follow its orders and to amend its petition (1) to substitute the Bankruptcy Trustee as the proper party plaintiff, and (2) to allege a cause of action on a negotiable instrument. Accordingly, the motion to dismiss, without prejudice, is DENIED.

*Motion for Summary Judgment*

The following facts are undisputed for the purposes of this motion:

(1) On or about January 1, 1984, Employers Insurance of Wausau issued an insurance policy to Transload & Transport covering damages to numerous vessels, including T/B TCB–311, with dates of coverage for the insurance policy being January 1, 1984 through January 19, 1985.

(2) On or about April 3, 1984, T/B TCB–311 sustained damages when it was caused to ground at approximately Mile Point 248.8 in the Illinois River.

(3) On or about April 12, 1984, a letter prepared by Commander Gary Thornton of the United States Coast Guard was sent to Transload & Transport, notifying Transload & Transport of the damages to T/B TCB–311 and requiring that Transload & Transport repair said damages to T/B TCB–311 before carrying or loading any further cargo aboard said barge.

(4) On or about March 20, 1985, Transload & Transport made a proof of claim for repair costs to T/B TCB–311 in the amount of $15,507.39.

(5) On or about May 15, 1985, Employers Insurance of Wausau forwarded a check in the amount of $10,507.39 to Transload & Transport, Twin City Barge and Towing Company and Greyhound Leasing and Financial Corporation, the specified loss payees in the policy of insurance issued to Transload & Transport for damages incurred to T/B TCB–311, less a $5,000.00 deductible as provided in said insurance policy.

(6) On or about November 4, 1985, Transload & Transport filed a Petition for Bankruptcy under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Louisiana, in the matter entitled, "In Re: Transload & Transport, Inc.", Case No. 85–01274.

(7) Transload & Transport's bankruptcy proceedings were converted from Chapter 11 to Chapter 7 on or about April 29, 1987.

(8) On May 4, 1988, Transload & Transport first filed suit against Employers Insurance of Wausau and American Marine Underwriters, Inc. alleging entitlement for recovery, of damage repair costs to T/B TCB–311 under the insurance policy issued to Transload & Transport.

(9) Prior to May 4, 1988 to the present, Transload & Transport's Bankruptcy Trustee has been Samera L. Abide.

(10) On August 6, 1988, the United States Bankruptcy Court for the Middle District of Louisiana entered an Order authorizing Samera L. Abide, as Trustee for Transload & Transport, to employ Scott T. Jones as special counsel to the Trustee and the estate for the specific purpose of collecting monies due for damages to Barge TCB–311.

*Lack of Standing*

11 U.S.C. § 541(a)(1) of the United States Bankruptcy Code broadly defines the property of a debtor's estate to include all legal and equitable interest of the debtor and property as of the commencement of the case. The Fifth Circuit has interpreted Section 541(a)(1)'s definition of the property of a debtor's estate to include causes of action existing at the time of the commencement of the bankruptcy action. *Burkett v. Shell Oil Company*, 448 F.2d 59 (5th Cir.1971) (*see also* the legislative history found at S.Rep. No. 989, 95th Cong., 2d Sess. 82, *reprinted in* 1978 U.S. Code Cong. & Adm.News 5787, 5868; H.R. Rep. No. 595, 95th Cong., 1st Sess. 367, *reprinted in* 1978 U.S.Code Cong. & Adm. News 5963, 6323).

The Fifth Circuit has held that the Trustee in bankruptcy succeeds to all causes of

action held by the debtor at the time the bankruptcy petition is filed, including any actions arising under a contract of insurance. *Miller v. Shallowford Community Hospital, Inc.*, 767 F.2d 1556 (11th Cir. 1985). *See also,* 4 *Collier on Bankruptcy,* § 541.10[5] (15th Ed.1985), and *In re Teltronics Services, Inc.*, 762 F.2d 185, 189 (2nd Cir.1985) ("It is elementary that all claims belonging to a corporate bankrupt vest in the trustee in bankruptcy.").

 Accordingly, Transload & Transport's alleged cause of action against Employers Insurance of Wausau for recovery under an insurance policy for the damage to T/B TCB–311 occurring in April, 1984, became part of the debtor's estate when bankruptcy proceedings were filed in November, 1985, making the Trustee in bankruptcy the proper party plaintiff to bring suit herein. Since Federal Rule of Civil Procedure 17(a) provides, in pertinent part, that "every action shall be prosecuted in the name of the real party in interest ...", plaintiff, Transload & Transport, lacks standing to appear before this Court. This action can only be prosecuted by the Bankruptcy Trustee, as it is the only real party in interest. *Burkett v. Shell Oil Company*, 448 F.2d 59 (5th Cir.1971); *Miller v. Shallowford Community Hospital, Inc.*, 767 F.2d 1556 (11th Cir.1985).

*Prescription*

 Under Louisiana jurisprudence, in the absence of statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid. *Suire v. Combined Insurance Company of America*, 290 So.2d 271 (La.1974); *Stroud v. Northwestern National Insurance Company*, 360 So.2d 528 (La.App. 2nd Cir.), *writ. denied*, 362 So.2d 575 (La. 1978); and *Midco Louisiana Company v. Aquatic Equipment and Engineering, Inc.*, 423 So.2d 10 (La.App. 1st Cir.1982).

Any limiting action in an insurance policy is, however, limited by Louisiana Revised Statute 22:629, which provides, in pertinent part:

A. No insurance contract delivered or issued for delivery in this state in covering subjects located, resident, or to be performed in this state or any group health and accident of policy insuring a resident of this state, regardless of where made or delivered shall contain any condition, stipulation or agreement.

\* \* \* \* \* \*

(3) Limiting right of action against the insurer to a period of less than twelve (12) months after the inception of the loss when the claim arises under any insurance classified and defined in R.S. 22:6(10), (11), (12), and (13), or to a period of less than one year from the time when the cause of action accrues in connection with all other insurances unless specifically provided in this code.

Accordingly, Louisiana Revised Statute 22:6(13)(a), which pertains to marine and transportation insurance covering loss or damage to vessels, 22:629(A)(3) allows an insurance policy to limit a right of action against the insurer to a period of not less than twelve (12) months after inception of the loss. The limitation provision found in the insurance policy issued by Employers Insurance of Wausau clearly exceeds the minimum limitation period of twelve months after the inception of the loss and gives the insured twelve months after discovery of the occurrence, which may take place after the actual loss, in order to file suit. Therefore, as a matter of law, the limitation clause contained in Employers Insurance of Wausau's insurance policy is valid and enforceable under Louisiana law. Accordingly, the plaintiff's right to bring action against the defendants has prescribed, as suit was filed over four years since the plaintiff's discovery of the damage to T/B TCB–311. *S.E.A. Towing Company, Inc. v. Great Atlanta Insurance Company*, 688 F.2d 1000 (5th Cir.1982), *cert. denied*, 460 U.S. 1038, 103 S.Ct. 1429, 75 L.Ed.2d 789.

*Conclusion*

In accordance with the above, defendants' Motion for Summary Judgment is GRANTED.