**James BARLETTA, Plaintiff,**

v.

**Thomas TEDESCHI, Esq., Defendant.**

**No. 89–CV–1170.**

United States District Court,
N.D. New York.

Dec. 3, 1990.

Clifford Forstadt, UAW Legal Services Plan, Syracuse, N.Y., for plaintiff.

Ciaravino Jackson & Tedeschi (Philip D. Jackson, of counsel), Freeport, N.Y., for defendant.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

### I. *Introduction*

The plaintiff, James Barletta, commenced the instant action against the defendant, Thomas Tedeschi, alleging that Tedeschi made demands for payment to the plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Among the plaintiff's allegations is that the defendant attempted to collect a claim that arose before the plaintiff filed a petition for protection under Chapter 7 in the United States Bankruptcy Court, and that defendant was prevented from doing so by the bankruptcy stay.[1]

---

1. The filing of a bankruptcy petition, in this case a voluntary filing under 11 U.S.C. § 301, acts as an automatic stay which prohibits, among other things, the commencement or continuation of any action "to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case...." 11 U.S.C. § 362.

The defendant moves to dismiss plaintiff's action on the ground that the plaintiff did not have standing to bring claims against the defendant, since any claims the plaintiff may have had were assets of the bankruptcy estate under the control of the trustee when the suit was filed. The plaintiff argues that because the trustee had abandoned the claims, the right to assert them then revested in the plaintiff, pursuant to 11 U.S.C. § 554. Therefore, the plaintiff contends, he does have standing to maintain this action.

## II. *Background*

On October 31, 1988, the plaintiff and his wife, Claudia Norton Barletta, filed a Chapter 7 petition in the Bankruptcy Court. Lee Woodard, Esquire, was appointed as trustee. As part of his petition, the plaintiff filed the required schedule of personal property with the court, marked as Schedule B–2. The plaintiff listed as an asset in Schedule B–2 "Potential claims against collection agencies (see attached list) for violations of Fair Debt Collections Practices Act." Plaintiff listed the market value of his interest in those potential claims as "Undeterminable." Affidavit of Clifford Forstadt, Esq., Exh. A. The defendant Tedeschi is named on the "attached list" referred to above as one of the "collection agencies" against which the plaintiff had a potential claim. *Id.*

Plaintiff's attorney claims in his affidavit that, from his review of the file notes in plaintiff's bankruptcy file, the potential FDCPA claims were a topic of discussion at a meeting of creditors on December 5, 1988, and that the trustee was therefore aware of the claims. Forstadt Affid., ¶ 7. On March 2, 1989, a letter was sent by plaintiff's counsel purportedly confirming a conversation with Trustee Woodard in which the trustee stated he would be abandoning the FDCPA claims, including the one against defendant Tedeschi, along with another pending lawsuit. The letter is acknowledged by Woodard's signature. Forstadt Affid., Exh. B. On June 14, 1989, the Bankruptcy Court ordered the discharge of the debtors, plaintiff and his wife, releasing them from all dischargeable debts. Forstadt Affid., Exh. C. The plaintiff then commenced this action against defendant Tedeschi, alleging violations of the FDCPA, on September 27, 1989. On May 30, 1990, approximately eight months after the filing of the complaint, plaintiff's bankruptcy case was officially closed by final decree of the Bankruptcy Court. Forstadt Affid., Exh. D.

Oral argument was heard on defendant's motion on October 9, 1990. At that time, the court converted defendant's motion to dismiss to one for summary judgment, pursuant to Fed.R.Civ.P. 12(c), since the parties had submitted matters outside the pleadings which were necessary for the court to consider in order to decide the questions presented.[2] Counsel for both parties agreed to have the court rule on the motion based on the papers submitted and oral arguments presented, rather than submit further evidence or legal argument. The following constitutes the court's decision.

## III. *Discussion*

Upon the filing of a petition for bankruptcy, "the estate is comprised of all property of the debtor including all legal and equitable interests of the debtor, unless the property is specifically excluded," pursuant to 11 U.S.C. § 541. *Krank v. Utica Mutual Ins. Co.,* 109 B.R. 668, 669 (E.D.Pa.), *aff'd,* 908 F.2d 962 (3d Cir.1990). The scope of section 541 is broad and includes most claims the debtor may have against others. *Id.* (citing *Riverside Memorial Mausoleum, Inc. v. UMET Trust,* 469 F.Supp. 643 (E.D.Pa.1979)).

Once a cause of action becomes the property of the estate, "the debtor may not

---

**2.** Rule 12(c) provides that, after the pleadings have been closed, a party may move for judgment on the pleadings. Here, an answer was interposed prior to the filing of the motion, so the court considered the motion as one for judgment on the pleadings. If, however, on a motion for judgment on the pleadings, "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment ... and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(c).

bring suit on that action unless the property has been abandoned by the trustee." *Krank*, 109 B.R. at 669. If the trustee chooses to abandon the claim or is ordered by the court to do so, the debtor may then assert title to the cause of action and bring suit on it. *Id.* (citing *First Nat'l Bank v. Lasater*, 196 U.S. 115, 25 S.Ct. 206, 49 L.Ed. 408 (1905)). The trustee may, after notice and a hearing to creditors, abandon "any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Property is also deemed abandoned by the trustee if it is "not otherwise administered at the time of the closing of a case...." 11 U.S.C. § 554(c).

In order to abandon estate property under section 554(a), the trustee must give notification of his intention to abandon the property, and the property will be deemed abandoned unless a party in interest files an objection within 15 days of the mailing of the notice. Bankruptcy Rule 6007; *In re Bryson*, 53 B.R. 3, 4 (Bankr.M.D.Tenn.1985). Notification of creditors is essential to abandonment under Rule 6007,[3] and thus, "there is no abandonment without notice to creditors." *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 709 (9th Cir.1986) (citing 4 Collier on Bankruptcy ¶ 554.01 at 554–3 (15th ed. 1985)).

Once the trustee knowingly and properly abandons property of the estate, the abandonment is irrevocable. *In re Bryson*, 53 B.R. at 4. The party seeking to demonstrate abandonment, in this case the plaintiff, bears the burden of persuading the court that the trustee intended to abandon the asset. *Hanover Ins. Co. v. Tyco Indus., Inc.*, 500 F.2d 654, 657 (3d Cir. 1974).

It was difficult for the court to discern from plaintiff's papers whether he contended abandonment occurred in this case under either section 554(a) or (c), or both. However, it was apparent from oral argument that plaintiff contends the claim was deemed abandoned under section 554(c) upon the closing of the bankruptcy case. The problem attending this position is that the present action was commenced approximately eight months *before* the closing of the bankruptcy case, and thus eight months before plaintiff had standing to assert the claim. Plaintiff argued that it was necessary to bring this action prior to the closing of the bankruptcy case because otherwise the statute of limitations would have run on plaintiff's claim. The plaintiff also claimed that, in commencing this action, he relied on the March 2, 1989, letter acknowledged by Trustee Woodard in which the trustee apparently confirmed his intention to abandon plaintiff's claim against defendant Tedeschi.

Plaintiff cites in support of his position two state court cases, *Johnson v. Best Mfg. Co.*, 263 So.2d 436 (Ct.App.La.1972), and *Palm Beach Investment Properties, Inc. v. Dingman*, 126 Ga.App. 17, 189 S.E.2d 906 (Ct.App.Ga.1972). In *Johnson*, an employee brought an action against his work foreman for damages the employee allegedly sustained in an altercation with the foreman. The foreman appealed a judgment against him, asserting among other grounds, that the plaintiff had no standing to bring the action since the action was property contained in plaintiff's bankruptcy estate. The appeals court stated that even though the property right in the action was vested in the bankruptcy trustee, the referee in bankruptcy had the discretion to permit the trustee either to prosecute the action on his own, or to allow the plaintiff to continue it and advise the trustee of its outcome at the time of judgment. *Id.* at 439. The plaintiff in *Johnson* testified that the referee in bankruptcy had asked the trustee to advise him of the outcome of the suit filed by the plaintiff. In *Palm Beach Investment*, the court stated without elaboration that the plaintiff, although his claim was part of his bankruptcy estate, "had the right to prosecute his claim to verdict and

---

**3.** Rule 6007, implementing Section 554, states in part:

Unless otherwise directed by the court, the trustee ... shall give notice of a proposed abandonment ... to all creditors....

judgment regardless of whether or not the trustee had abandoned the chose in action...." *Id.* at 20, 189 S.E.2d 906. This court finds these two cases unpersuasive for several reasons. First, *Johnson* is easily distinguishable from the instant case. The trustee here did not inform the plaintiff that he could litigate his claim and inform the trustee of the result. Second, it seems unlikely that the trustee would be permitted to do so in light of the specific provisions for abandonment contained in section 554 and Rule 6007. Moreover, both of these cases were decided in 1972, prior to the enactment of the current Bankruptcy Code in 1978. As previously discussed, a claim must be abandoned before the bankrupt may bring an action on it, and the trustee may not abandon property of the bankruptcy estate under section 554 and Rule 6007 unless notice is given to creditors. Third, *Palm Beach Investment* provided no legal basis for its declaration that the plaintiff could pursue his claim while it was part of the bankruptcy estate. This court is reluctant to rely on this statement without the support of legal reasoning.

Defendant argues that the potential running of the statute of limitations on plaintiff's claim can not be used as a defense to plaintiff's premature commencement of his action because the Bankruptcy Code specifically permits a debtor to seek abandonment of estate property before the closing of the bankruptcy case. Section 554(b) of the Bankruptcy Code provides that:

> [o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

11 U.S.C. § 554(b). The debtor is a "party in interest" who may request abandonment of estate property. *See* 11 U.S.C. § 554(b); Bankruptcy Rule 6007(a) and (b); 8 Collier on Bankruptcy ¶ 6007.03[1] (15th ed. 1988). Defendant contends that the plaintiff should not be permitted to circumvent the Bankruptcy Code and Rules when they provided him with a means to bring about the abandonment of the claim before his statute of limitations had run.

Notwithstanding its reluctance to follow the cases cited by the plaintiff, the court does not agree that plaintiff's premature filing of his complaint is a bar to his continuation of his action now. When the trustee abandons estate property, " 'the property stands as if no bankruptcy had been filed and the debtor enjoys the same claim to it as he held previous to the filing of the bankruptcy.' " *In re Dewsnup*, 87 B.R. 676, 682 (Bankr.D.Utah 1988) (quoting *In re Cruseturner*, 8 B.R. 581, 590–91 (Bankr. D.Utah 1981)). This rule was expressed by Justice Cardozo in *Brown v. O'Keefe*, 300 U.S. 598, 57 S.Ct. 543, 81 L.Ed. 827 (1937):

> Whatever title or inchoate interest may have passed to the trustee was extinguished by relation as of the filing of the petition when the trustee informed the court that the shares were burdensome assets, and was directed by the court to abandon and disclaim them. In such case "the title stands as if no assignment had been made." A precise analogy is found in the law of gifts and legacies. Acceptance is presumed, but rejection leaves the title by relation as if the gift had not been made. (citations omitted).

*Brown*, 300 U.S. at 602, 57 S.Ct. at 546. In *Wallace v. Lawrence Warehouse Co.*, 338 F.2d 392 (9th Cir.1964), the court stated:

> The ordinary rule is that, when a trustee abandons property of the bankrupt, title reverts to the bankrupt, nunc pro tunc, so that he is treated as having owned it continuously.

338 F.2d at 394 n. 1. Likewise, the Second Circuit has said:

> [W]hen the trustee in bankruptcy abandons an asset, he is to be treated as having never had title to it; the abandonment *is said to relate back*, so that "the title stands as if no assignment had been made."

*Rosenblum v. Dingfelder*, 111 F.2d 406, 409 (2d Cir.1940) (emphasis added). *See also Sessions v. Romadka*, 145 U.S. 29, 12 S.Ct. 799, 36 L.Ed. 609 (1892); *Sparhawk v. Yerkes*, 142 U.S. 1, 12 S.Ct. 104, 35 L.Ed. 915 (1891); *In re Garfinkle*, 577 F.2d 901 (5th Cir.1978); *In re Ira Haupt & Co.*, 398

F.2d 607 (2d Cir.1968); *Brookhaven Bank & Trust Co. v. Gwin*, 253 F.2d 17 (5th Cir.1958); *Colson v. Monteil*, 226 F.2d 614 (8th Cir.1955); *In re Moss*, 21 F.Supp. 1019 (E.D.Ill.1938).

The question remains whether this reversion of title permits the plaintiff here to maintain his action when he did not have standing to sue at the time he filed his complaint, and the statute of limitations applicable to his claim has run. The court believes that it does. This rule of reversion is a legal fiction invented by the courts to aid them in achieving a just result. *See Wallace*, 338 F.2d at 394 n. 1; *Rosenblum*, 111 F.2d at 409. Here, the trustee indicated that he intended to abandon plaintiff's claims. However, he never formally abandoned the claims under the procedures provided for in the Bankruptcy Code and Rules. Thus, although the statute of limitations on plaintiff's claims was about to run, the title to those claims remained vested in the trustee, who had declared his intention not to pursue them for the benefit of the estate. Plaintiff, although he did not have title to the claims at that time, commenced the action while he was in bankruptcy to avoid being time-barred by the statute of limitations. Although the claim was eventually deemed abandoned upon the closing of plaintiff's bankruptcy case, the statute of limitations by that time had expired.

Dismissing the plaintiff's claim for lack of standing here would create the inequitable result of extinguishing the plaintiff's claim through the inaction of the trustee, who did not intend to pursue the claim but did not abandon it, while at the same time preventing the plaintiff from taking action until it was too late. Defendant's argument that plaintiff could have requested abandonment pursuant to section 554(b) is not convincing. The debtor's request alone does not effect abandonment under that section. As previously stated, the trustee must provide notice of his intention to abandon to the creditors and give them the opportunity for a hearing; the court must determine that the property is burdensome to the estate or is of inconsequential value; and the court must then order the trustee to abandon the property. 11 U.S.C. 554(b); Bankruptcy Rule 6007(a) and (b). The debtor's request is no guarantee of abandonment, and moreover, the statute of limitations could run during the time it took to complete these procedures, even if the property was eventually abandoned.

Thus, in the court's opinion, upon the closing of plaintiff's bankruptcy case, title in his claim reverted to him as if no bankruptcy had ever been filed and the plaintiff held title continuously. Consequently, the defendant cannot be heard to complain now that plaintiff was deprived of standing by his status as a debtor in bankruptcy. *See Rosenblum*, 111 F.2d at 409 (abandonment prior to commencement of action not required where claim ultimately abandoned by trustee).

■ The defendant also argues that by listing the value of his claim as "undeterminable," the plaintiff prevented the trustee from recognizing its true value. Thus, defendant maintains, the claims cannot have been deemed to be abandoned, even though the bankruptcy case has now been closed, because the trustee was unable to determine if pursuing the claims would have benefited the estate. It is true that property of the bankruptcy estate will not be deemed abandoned by the trustee where " 'the property is unscheduled by the debtor,' thus preventing the trustee from having 'knowledge or sufficient means of knowledge of its existence.' " *In re Bryson*, 53 B.R. at 4–5 (quoting *In re Sutton*, 10 B.R. 737 (Bankr.E.D.Va.1981)). In addition, property is not deemed irrevocably abandoned if it "was actually concealed from [the trustee] or where his knowledge of the existence of the property was one of mere suspicion, which engendered only a cursory investigation." *Id.* The reasoning underlying these exceptions to the automatic abandonment of property upon the closing of the bankruptcy case is that the debtor may not lay claim to an asset when the trustee has had no opportunity to determine whether it would be of benefit to the estate. *Krank*, 109 B.R. at 669. Here, however, plaintiff's claim was discussed at

a creditors' meeting, making the trustee aware of its existence. The trustee also acknowledged a letter with his signature indicating that he had discussed the claim with the plaintiff and that he intended to abandon it, along with a number of other potential claims plaintiff had listed in his schedule of assets. So, the trustee had an opportunity to determine the value of the claim to the bankruptcy estate, but decided not to take action on it. Plaintiff's claim was therefore properly abandoned when his bankruptcy case was closed.

■ The defendant also moved, in the alternative to his motion to dismiss, for the court to determine that the bankruptcy trustee was the "real party in interest" capable of bringing suit, pursuant to Fed. R.Civ.P. 17(a).[4] Defendant asserts that the action should therefore be dismissed unless the plaintiff substitutes the trustee as the plaintiff on or before a date set by the court. The trustee would be the only real party in interest who could prosecute the claim, *if the claim against Tedeschi had not been abandoned.* See *Transload & Transport, Inc. v. American Marine Underwriters, Inc.*, 94 B.R. 416, 418 (E.D.La. 1988). However, since the plaintiff's claim has reverted to him *nunc pro tunc*, as previously discussed, the plaintiff is the real party in interest entitled to pursue the claim.

### Conclusion

Defendant's motion to dismiss, converted by the court to a motion for summary judgment dismissing the complaint, is denied. Defendant's motion in the alternative for the court to declare the bankruptcy trustee the real party in interest, and to dismiss the complaint unless the trustee is substituted as the plaintiff, is also denied.

IT IS SO ORDERED.

---

4. Rule 17(a) provides, in pertinent part, that "every action shall be prosecuted in the name of the real party in interest ..."