RIVERSIDE MEMORIAL MAUSOLEUM, INC., t/a Delaware Valley Memorial Center, L. Blumberg's Son, Inc., and Helen Rothchild Blumberg

v.

UMET TRUST, an Unincorporated California Business Trust, and Sonnenblick-Goldman Corporation.

Civ. A. No. 78-3399.

United States District Court, E. D. Pennsylvania.

April 25, 1979.

Arnold Levin, Adler, Barish, Daniels, Levin & Creskoff, Philadelphia, Pa., for plaintiff.

Nathan Feinstein, Philadelphia, Pa., for Umet Trust.

Jon Baughman, Philadelphia, Pa., for Sonnenblick.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

Plaintiffs in this antitrust suit are bankrupts in consolidated proceedings, No. 75–177, currently before Judge William A. King of this district's bankruptcy court. They here allege that defendants UMET Trust, an unincorporated California business trust, and Sonnenblick-Goldman Corporation, a mortgage broker, conspired with unnamed others to obtain through foreclosure real property in the City of Philadelphia mortgaged by plaintiffs to UMET Trust. Defendants argue, *inter alia,* that this cause of action is an asset of the bankruptcy estate and that these plaintiffs have no right to maintain suit. We agree.

The sad history of unsuccessful litigation brought by plaintiffs in this matter has been detailed elsewhere and need not be repeated here. *See, Riverside Memorial Mausoleum, Inc. v. Umet Trust,* No. 75–1079 (E.D.Pa. Feb. 27, 1976), *vacated* 549 F.2d 796 (3d Cir. 1977); *Riverside Memorial Mausoleum v. Umet Trust,* 434 F.Supp. 58 (E.D.Pa.1977), *modified* 581 F.2d 62 (3d Cir. 1978); *Riverside Memorial Mausoleum, Inc. v. Sonnenblick-Goldman Corporation,* 80 F.R.D. 433 (E.D.Pa.1978) (appeal pending). Salient for present purposes are three facts: (a) according to plaintiffs' averments at oral argument, the cause of action here accrued in December 1974; (b) on January 31, 1975 plaintiffs filed petitions under Chapter XI of the Bankruptcy Act; and (c)

the bankruptcy proceedings are still pending, discharge having been denied because of false oaths, schedules and statements made by plaintiff Helen Rothchild Blumberg. *In re: Riverside Memorial Mausoleum, Inc., et al.,* No. 75–177 (King, B.J. July 8, 1977), appeal denied C.A. No. 75–2376 (Becker, J. June 28, 1978).

Section 70 of the Bankruptcy Act, 11 U.S.C.A. § 110(a), states:

> "The trustee . . . shall . . . be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition . . . to all of the following kinds of property wherever located . . ."

Clause 6 specifically lists as property given to the trustee

> "Rights of action arising upon . . . the unlawful . . . injury to . . . property [of the bankrupt]."

The antitrust right of action here pressed plainly arises upon an alleged unlawful injury to the property of plaintiffs. By operation of Section 70 of the Bankruptcy Act, therefore, title to this cause of action vested in plaintiffs' trustee in bankruptcy as of January 31, 1975, the date of the bankrupts' Chapter XI petition, and currently is an asset not of plaintiffs but of the bankruptcy estate. *Cf. Dallas Cabana, Inc. v. Hyatt Corporation,* 441 F.2d 865 (5th Cir. 1971) (collecting cases at n.9) (common law conspiracy cause of action vested in trustee).

That a bankrupt cannot bring suit on a right of action that has vested in his trustee, absent abandonment of the cause of action by the trustee or specific approval by the bankruptcy court of such a suit, is certain. *See, e. g., Taylor v. Swirnow,* 80 F.R.D. 79, 80 (D.Md.1978). Thus, plaintiffs may maintain this action only if abandonment or authorization can be proven. Neither can be shown here.

Both the bankruptcy statute and rules are silent on the question of what constitutes an abandonment. Although Collier concludes that a formal act is not absolutely essential, the emerging rule and better practice is that leave of the bankruptcy court is required for the trustee to abandon an asset. Collier on Bankruptcy, ¶ 70.42 at 504–512 (14th edition). Our Circuit has held that a bankrupt alleging abandonment by his trustee bears the burden of proving an intention to abandon, *Hanover Insurance Co. v. Tyco Industries, Inc.,* 500 F.2d 654, 657 (3d Cir. 1974) (interpretation of bankruptcy court order granting leave to abandon) and the Fourth Circuit has stated that this burden is "heavily" upon the bankrupt when the claim is an abandonment without leave of court. *Carter v. Rives,* 9 F.2d 62, 63 (4th Cir. 1925).

Plaintiffs here have failed utterly to carry their burden, whether it be characterized as "heavy" or not. The only shred of evidence that plaintiffs can point to as proof of abandonment is the trustee's failure to join in a 1975 diversity suit filed in this court. That action was initiated by plaintiffs after the bankruptcy judge[1] dismissed a portion of the proceedings before him for lack of jurisdiction and granted leave to the trustee and the debtors to file suit in the district court.[2] While the trustee did not join in the complaint filed here on April 14, 1975, that fact does not prove abandonment of the antitrust right of action. Assuming *arguendo* that the 1975 diversity suit and the 1978 antitrust claim constitute the same right of action for Section 70 purposes, the cases are clear that

---

1. Bankruptcy proceedings began before Judge Curtin. Upon his retirement, the case was assigned to Judge King.

2. Plaintiffs' January 31, 1975 petition in bankruptcy automatically stayed a sheriff's sale of plaintiffs' mortgaged premises scheduled for February 3, 1975. Umet Trust sued for relief from the stay provisions of Bankruptcy Rule 11–44. Plaintiffs responded to this suit with a counterclaim alleging that Umet Trust and others had unlawfully forced the foreclosure and sheriff sale. This counterclaim was dismissed by Judge Curtin in an April 3 order for lack of jurisdiction, with leave granted "to the Receiver and to the Debtor-Defendants to institute claims averring the issues raised in the said Counterclaims by plenary suit in the District Court."

failure by the trustee to press a claim does not permit the bankrupt to bring suit without first petitioning the bankruptcy court for an order of abandonment. *Dallas Cabana, Inc. v. Hyatt Corp.*, 441 F.2d at 868, n.10 (collecting cases). No such order of abandonment has issued here.

Nor have plaintiffs proven the only other fact that would entitle them to maintain this suit—namely, specific permission by the bankruptcy court to bring an antitrust action despite no formal abandonment by the trustee. No such special leave is alleged by plaintiffs and nothing suggests that this permission has been granted.[3]

Because the trustee has not abandoned this asset of the bankruptcy estate and because the bankruptcy court has not granted leave to proceed with suit in the absence of abandonment, the named plaintiffs have no right to maintain this action. Accordingly, we will grant defendants' motion to dismiss.[4]

---

**3.** Judge Curtin's April 3, 1975 order, discussed *supra* at note 2, does not authorize maintenance of this suit by these plaintiffs. Even if that order is read as granting the bankrupts leave to proceed in district court independent of the receiver—an interpretation possible given the literal language of the order but dubious given the larger context—such permission was explicitly limited to ten days from April 3, 1975.

The antitrust complaint was filed in October 1978, over three years after Judge Curtin's order. The 1978 complaint thus was not within the scope of Judge Curtin's permission.

**4.** Should the trustee desire to pursue this claim he may move for substitution as plaintiff within fifteen days of the date of this opinion.