**Donald F. KRANK**

v.

**UTICA MUTUAL INSURANCE CO.**

**Civ. No. 88–9650.**

United States District Court,
E.D. Pennsylvania.

Jan. 9, 1990.

Donald F. Krank, Greenbelt, Md., pro se.

Mark Lynch, Dunn, Haase, Sullivan, Mallon & Cherner, Media, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff Donald Krank filed this diversity action to recover as the assignee of James L. Smith, the original insured under an errors and omission policy which plaintiff alleges defendant wrongfully "voided." Plaintiff's cause of action accrued some time in either 1982 or 1983.[1] On March 26, 1986, plaintiff filed a voluntary petition for bankruptcy. Plaintiff's discharge took place on May 4, 1989.

Defendant Utica Mutual Insurance Company has filed a supplemental motion for summary judgment contending that plaintiff does not have standing to bring this action. Defendant asserts that plaintiff's cause of action became the property of the bankruptcy estate at the time he filed his Chapter 7 petition. Because his claim was not abandoned by the trustee, and, indeed, could not be abandoned because plaintiff did not list the claim as an asset,[2] defendant asserts that plaintiff may not pursue his claim until and unless the claim is abandoned by the trustee.

Defendant's motion for summary judgment will be granted for the following rea-

---

1. The accrual date depends upon whether the claim is characterized as a claim for indemnification or one for breach of contract. *See Krank v. Utica Mutual Insurance Co.,* No. 88–9650, 1989 WL 130205 (E.D. Pa. October 31, 1989).

2. Plaintiff contends that his claim against defendant did not arise during the pendency of his bankruptcy because the claim was not assigned

to him until after he filed his bankruptcy petition. Plaintiff's claim is belied by his previous claim, in the initial motion for summary judgment, that the assignment of the claim took place at the time he settled the litigation with Mrs. Heiniman. *See* Plaintiff's Response to Defendant's Motion for Summary Judgment at 3.

sons. Upon the filing of a petition for bankruptcy, the estate is comprised of all property of the debtor including all legal and equitable interests of the debtor, unless the property is specifically excluded. 11 U.S.C. § 541. The scope of § 541 is quite broad and it includes most claims the debtor may have against others. *See, e.g., Riverside Memorial Mausoleum v. UMET Trust,* 469 F.Supp. 643 (E.D.Pa.1979).

 Once a cause of action becomes the property of the estate, the debtor may not bring suit on that action unless the property has been abandoned by the trustee. *Id.* at 644. If a trustee chooses to abandon a claim or is ordered to do so, the debtor may assert title to the cause of action and bring suit upon it. *First National Bank v. Lasater,* 196 U.S. 115, 25 S.Ct. 206, 49 L.Ed. 408 (1905). If, however, the debtor fails to list a claim as an asset, the trustee cannot abandon the claim because he or she will have had no opportunity to determine whether it will benefit the estate. In such circumstances, the debtor may not claim abandonment and seek to enforce the claim after discharge:

> It cannot be that a bankrupt, by omitting to schedule and withholding from his trustee all knowledge of certain property, can, after his estate in bankruptcy has been finally closed up, immediately thereafter assert title to the property on the ground that the trustee had never taken any action in respect to it. If the claim was of value ... it was something to which the creditors were entitled, and this bankrupt could not, by withholding knowledge of its existence, obtain a release from his debts and still assert title to the property.

*Id.* at 119, 25 S.Ct. at 208.

Instead, the debtor must petition the bankruptcy court to reopen proceedings to allow that court to decide whether the trustee should enforce the claim for the benefit of creditors or abandon it. *Stein v. United Artists,* 691 F.2d 885 (9th Cir.1982).

In the case at bar, plaintiff may not assert his cause of action in the absence of proof of abandonment: his cause of action remains an asset of the estate. To hold otherwise would allow plaintiff to conceal potential assets from his creditors. Accordingly, defendant's motion for summary judgment will be granted in the accompanying order.