USCA1 Opinion

 

 May 27, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1891 MARLENE BROOKS, Plaintiff, Appellant, v. JOHN J. BEATTY, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Torruella, Cyr and Boudin, Circuit Judges. ______________ ____________________ Francis C. Newton, Jr., with whom John R. Dunnell and Russell, _______________________ ________________ ________ Plummer & Rutherford, P.C. were on brief for appellant. __________________________ Peter J. Kajko, with whom Sidney Gorovitz and Dropkin, Perlman, _______________ _______________ _________________ Leavitt & Rubin were on brief for appellee Resolution Trust. _______________ Jay L. Seibert, with whom Hart and Lamond, P.C. was on brief for _______________ _____________________ appellee Neil Tobin. George W. Mykulak, with whom Mark A. Berthiaume, Janice O. Fahey __________________ __________________ _______________ and Goldstein & Manello, P.C. were on brief for appellees Anderson and _________________________ March. ____________________ ____________________ CYR, Circuit Judge. The present appeal requires that CYR, Circuit Judge ______________ we revisit the doctrine of judicial estoppel, this time in the context of an action by a former chapter 7 debtor who later failed to disclose the cause of action as an asset in her chapter 7 proceeding. We conclude that the court below improvidently granted summary judgment for defendants-appellees on judicial estoppel grounds but that plaintiff-appellant in any event lacks standing to maintain the action. We therefore vacate the dis- trict court judgment and remand for further proceedings. I I BACKGROUND BACKGROUND __________ On September 10, 1991, plaintiff-appellant Marlene Brooks brought this action for declaratory relief and compensato- ry damages against ComFed Mortgage Company ("ComFed") and various individual defendants. The Resolution Trust Corporation ("RTC"), successor to ComFed, was substituted as a party defendant on November 6, 1991. The thrust of the claim in the present action is that the former Brooks residence was wrongfully foreclosed upon as a result of the fraudulent or negligent conduct of defendants-appellees. On May 6, 1992, Brooks filed a voluntary chapter 7 petition. Although she promptly informed defendants-appellees of her chapter 7 petition, Brooks failed to list the present cause of action (hereinafter "the ComFed action") on her chapter 7 schedule of assets. On June 19, 1992, RTC notified Brooks that the failure to schedule the ComFed action as an asset of the chapter 7 estate was improper, and that the ComFed action was property of the chapter 7 estate subject to the exclusive control of the chapter 7 trustee. On August 27, 1992, before the chapter 7 trustee became aware of the ComFed action, Brooks was granted a discharge in bankruptcy. RTC moved for summary judgment in the ComFed action based on Brooks' failure to schedule the action as an asset in her chapter 7 case. The motion was denied by the district court. Shortly thereafter, Brooks moved to reopen the chapter 7 proceed- ing to amend her schedule of assets to reflect the ComFed action. The bankruptcy court summarily denied the motion, on the inappo- site authority of In re Thibodeau, 136 B.R. 7 (Bankr. D. Mass. _______________ 1992) (holding that a chapter 7 debtor is not entitled to reopen a no-asset case to list a creditor; stating that if and when ________ assets become available, the bankruptcy case can be reopened, the claim listed, and the estate administered). Brooks did not appeal the bankruptcy court decision. Thereafter, in light of Payless Wholesale Distribs., _____________________________ Inc. v. Alberto Culver, Inc., 989 F.2d 570 (1st Cir.), cert. ____ _____________________ _____ denied, 114 S. Ct. 344 (1993), RTC moved for reconsideration of ______ its motion for summary judgment. In a brief memorandum order, unaccompanied by findings of fact, the district court held that Payless controlled, and concluded that Brooks was judicially _______ 3 estopped from prosecuting the ComFed action. Summary judgment was entered for all defendants, and Brooks brought this appeal. A. Judicial Estoppel A. Judicial Estoppel _________________ We review a grant of summary judgment de novo, employ- __ ____ ing the same criteria incumbent upon the district court in the first instance. Pedraza v. Shell Oil Co., 942 F.2d 48, 50 (1st _______ _____________ Cir. 1991), cert. denied, 112 S. Ct. 993 (1992). Summary judg- _____ ______ ment is appropriate where the record, viewed in the light most favorable to the nonmoving party, reveals no trialworthy issue as to any material fact, and the moving party is entitled to judg- ment as a matter of law. See Fed. R. Civ. P. 56(c); Vanhaaren v. ___ _________ State Farm Mut. Auto Ins. Co., 989 F.2d 1, 3 (1st Cir. 1993); _______________________________ Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991), _______ _________________ cert. denied, 112 S. Ct. 2965 (1992). _____ ______ We held in Payless that judicial estoppel precluded a _______ former chapter 11 debtor from maintaining a prepetition cause of action not disclosed in its earlier chapter 11 proceeding: Even a cursory examination of the claims shows that defendants should have figured in both aspects of Chapter 11 proceedings, and that Payless could not have thought other- wise. * * * The basic principle of bankruptcy is to ob- tain a discharge from one's creditors in return for all one's assets, except those exempt, as a result of which creditors re- lease their own claims and the bankrupt can start fresh. Assuming there is validity in Payless's present suit, it has a better plan. Conceal your claims; get rid of your credi- 4 tors on the cheap, and start over with a bundle of rights. This is a palpable fraud that the court will not tolerate, even pas- sively. Payless, having obtained judicial relief on the representation that no claims existed, can not now resurrect them and ob- tain relief on the opposite basis. Payless, 989 F.2d at 571 (footnotes & citations omitted) (citing _______ Patriot Cinemas, Inc. v. General Cinema Corp., 834 F.2d 208 (1st ______________________ ____________________ Cir. 1987) (plaintiff in federal action estopped from contradict- ing statement in related state court action against same defen- dant); and Oneida Motor Freight, Inc. v. United Jersey Bank, 848 __________________________ __________________ F.2d 414 (3d Cir.), cert. denied, 488 U.S. 967 (1988) (former _____ ______ chapter 11 debtor equitably estopped from pursuing prepetition claims against defendant-creditor where causes of action were not disclosed in chapter 11 proceeding). Brooks contends that the district court applied Payless _______ with too broad a brush, and protests that she engaged in no willful or iniquitous conduct but instead attempted without success to amend her chapter 7 schedules. She asserts that she will attempt to do so again if and when the present action against ComFed proves fruitful. In essence, although she now concedes "negligence" in failing to schedule the ComFed action as an asset, Brooks insists that she was not playing "fast and loose," and that the judicial estoppel ruling constituted revers- ible error. We agree that summary judgment on the judicial estoppel claim was inappropriate. 5 Nothing in its decision suggests that the Payless court _______ wrenched the prudential doctrine of judicial estoppel from its traditional moorings. In Patriot Cinemas this court emphasized, _______________ as a "guiding principle," that "[j]udicial estoppel should be _______ _________ employed when a litigant is 'playing fast and loose with the courts,' and when 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" Patriot Cinemas, 834 F.2d at 212 ________________ (quoting Scarano v. Central R. Co., 203 F.2d 510, 513 (3d Cir. _______ ______________ 1953)); accord Payless, 989 F.2d at 571 (applying judicial ______ _______ estoppel only after concluding that appellants had engaged in a "palpable fraud that the court will not tolerate, even passive- ________ _____ ly.") (emphasis added). Judicial estoppel is an equitable device which does not lend itself to reflexive application. The district court made no findings explicating its application of judicial estoppel. An examination of the evidence adduced on summary judgment below indicates that Brooks estab- lished a genuine issue of material fact concerning her bona fides ____ _____ in failing to schedule the ComFed action as an asset in her chapter 7 case. The record includes two relevant pieces of evidence: (1) a letter from the RTC advising Brooks that her earlier failure to schedule the ComFed action as an asset had been improper; and (2) the affidavit of John R. Dunnell, Esq., Brooks' counsel in the present action, stating that he had contacted Brooks' bankruptcy counsel, Jay P. Satin, Esq., before 6 receiving the RTC letter (and again afterward), and had been assured on both occasions by Satin that Brooks was not required to schedule the ComFed action in her chapter 7 case. Although it is troubling that Brooks waited approximately eight months after the RTC warning and until after she had received her chapter 7 discharge before attempting to amend her asset schedule, because the issue arose on summary judgment we must credit the _______ ________ Dunnell affidavit as a plausible basis for layman Brooks' assert- ed reliance on her bankruptcy counsel's misinformation as a possible defense against a finding of bad faith. The conflicting evidentiary signals simply illustrate that the judicial estoppel issue was inappropriate for summary disposition under Rule 56. B. Standing B. Standing ________ Brooks concedes that the cause of action against ComFed should have been scheduled as an asset in her chapter 7 proceed- ing. See 11 U.S.C. 541(a)(1). It is equally clear that the ___ ComFed action became property of the chapter 7 estate. Carlock _______ v. Pillsbury Co., 719 F. Supp. 791, 856 (D. Minn. 1989) ("A cause _____________ of action is a property right which passes to the trustee in bankruptcy, even if such cause of action is not included in schedules filed with the bankruptcy court."). Further, because the ComFed action was not scheduled as an asset, it was never abandoned by the chapter 7 trustee. See 11 U.S.C. 554(d); ___ United States v. Grant, 971 F.2d 799, 803 n.4 (1st Cir. 1992) (en _____________ _____ __ 7 banc) (holding that abandonment by trustee "does not relinquish ____ an undisclosed interest in property") (emphasis in original, ___________ citing Dushane v. Beall, 161 U.S. 513, 516 (1896)); see also _______ _____ ___ ____ Krank v. Utica Mutual Ins. Co., 109 B.R. 668 (E.D. Pa.), aff'd, _____ ______________________ _____ 908 F.2d 962 (3d Cir. 1990). Thus, Brooks lacks standing to prosecute the present action. III III CONCLUSION CONCLUSION __________ We therefore vacate the judgment and remand to the district court with instructions to stay further proceedings for ninety days to permit plaintiff-appellant to reopen her chapter 7 proceeding and amend her schedule of assets to include the ComFed action, and to permit the bankruptcy court to afford notice thereof to the former chapter 7 trustee, any newly-appointed chapter 7 trustee, and the United States Trustee for the District of Massachusetts, to sell or abandon the ComFed action or to intervene in the pending district court action. In the event the ComFed action is abandoned or acquired by Brooks, the district court should resolve the judicial estoppel issue on the merits following an evidentiary hearing. See Rivera-Gomez v. de Castro, ___ ____________ _________ 900 F.2d 1, 2 (1st Cir. 1990) (advocating Fed. R. Civ. P. 12(d) procedure to conserve "scarce judicial resources by targeting early resolution of threshold issues"). In the event the ComFed 8 action is duly transferred to an entity other than Brooks, or retained by the chapter 7 trustee, and such entity or the chapter 7 trustee intervenes, the pending district court action shall proceed on the merits; otherwise, it shall be dismissed for lack of standing. The district court judgment is vacated and the case is The district court judgment is vacated and the case is ___ ________ _____ ________ __ _______ ___ ___ ____ __ remanded for further proceedings consistent with this opinion; remanded for further proceedings consistent with this opinion; ________ ___ _______ ___________ __________ ____ ____ _______ costs to plaintiff-appellant. costs to plaintiff-appellant. _____ __ ___________________ 9