**Amin A. RASHID d/b/a Amin A. Rashid & Associates**

v.

**Charles W. KITE d/b/a International Isotope Enrichments Corporation, Timothy Kurtz d/b/a International Isotope Enrichments Corporation, John P. Newton, Jr., individually and in his capacity as an United States Bankruptcy Trustee, Thomas P. Suddath, Jr., individually and in his official capacity as an Assistant United States Attorney, Carol Hazelton, individually and in her official capacity as an United States Inspector and Jerria Williams, individually and in her official capacity as an FBI Special Agent.**

Civil Action No. 95–CV–7868.

United States District Court,
E.D. Pennsylvania.

June 24, 1996.

Amin A. Rashid, Philadelphia, PA, Pro Se.

Susan Dein Bricklin, U.S. Department of Justice, Philadelphia, PA, for Defendants.

## MEMORANDUM

JOYNER, District Judge.

Defendant Charles W. Kite moves this Court to dismiss Plaintiff Amin A. Rashid's Complaint against him pursuant to Fed. R.Civ.P. 12(b)(6). Rashid's Complaint contains complex factual allegations, not all of which are relevant here. In pertinent part, and briefly, Rashid alleges that in 1990, he entered into a Financing Agreement with International Isotope Enrichments Corporation (IIEC). Rashid's duties under the Agreement were to attempt to find financing for a deal that IIEC was orchestrating. Kite represented himself as IIEC's lawyer and is also alleged to do business as IIEC. In the course of the deal, Kite allegedly made numerous mis-representations about himself, his business affairs and the transaction in which he and Rashid were involved. In addition, Rashid alleges that in also 1990, various federal agents began a criminal investigation of him and entities associated with him. As part of that investigation, the federal agents contacted Kite. Kite and the federal agents agreed that Kite and others would testify falsely at Rashid's criminal trial and thereby convict Rashid. This alleged plan was successful and Rashid is presently serving a 14 year prison term.

Rashid has filed for Chapter 7 bankruptcy, which proceedings are ongoing. Rashid's claims against Kite allege (1) breach of the Financing Agreement; (2) misrepresentations and fraud in their financial dealings and also Kite's testimony in several judicial proceedings; and (3) conspiracy to violate Rashid's civil rights.

In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993), *cert. denied,* 510 U.S. 1042, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994). The Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988).

Kite seeks to dismiss the entire complaint against him on the basis that Rashid has no standing to bring it. Kite contends that each of Rashid's claims accrued before Rashid filed for bankruptcy and therefore, the right to prosecute each claim has passed to Rashid's bankruptcy trustee. *Krank v. Utica Mut. Ins. Co.,* 109 B.R. 668, 669 (E.D.Pa.) (citing *First Nat'l Bank of Jacksboro v. Lasater,* 196 U.S. 115, 25 S.Ct. 206, 49 L.Ed. 408 (1905)), *aff'd,* 908 F.2d 962 (3d Cir.1990). Under bankruptcy law, a trustee has title to all of a debtor's listed assets unless the trustee abandons those assets. Once an asset is abandoned, title returns to the debtor and, in the case of an unasserted claim, the debtor recovers standing in the matter. *Id.*

In response, Rashid supplies a document of public record titled "Report of Interim Trustee" dated Feb. 7, 1995. Rashid maintains that this Report abandoned all the assets listed in his bankruptcy petition. The public record also reveals that shortly before this Report was made, Rashid had amended his Bankruptcy Petition to reflect that his personal property included contingent and unliquidated claims he held against numerous potential defendants. One of these assets is

an unasserted claim against Kite for breach of contract and conspiracy to violate civil rights.

The Report, however, is unsigned by the Bankruptcy Judge, and it is unclear whether the Report took Rashid's amended schedule into consideration. Given this record, we are unable to determine whether Rashid's claims against Kite have been abandoned by Rashid's interim trustee. Taking Rashid's facts as true and making inferences in his favor, we must assume that the claims have been abandoned and therefore, we deny Kite's Motion to Dismiss the breach of contract and conspiracy claim against him based on lack of standing. We do so, however, without prejudice in case the matter can be amplified based on matters in the public record.

■ With respect to Rashid's claim against Kite for misrepresentation and fraud, this claim was not listed in Rashid's amended bankruptcy petition.[1] For that reason, this claim was never included in his estate and the interim trustee has had no opportunity to retain or abandon it. *Krank*, 109 B.R. at 669 (quoting *Lasater*, 196 U.S. at 119, 25 S.Ct. at 208). Rashid has no standing for this cause of action, therefore, and it must be dismissed.

Kite also seeks to dismiss the Complaint against him on the ground that "the subject matter of this suit against him is res judicata, all of these matters having been addressed and resolved in his favor in previous actions in this Court." There is no more to this line of argument, and without more, we cannot address it.

■ Finally, Kite seeks to dismiss the Complaint on the ground that he had a privilege to take all the alleged actions under the doctrine of witness immunity. This doctrine provides that witnesses are absolutely immune from suits arising from testimony given in the course of a judicial proceeding. *Iseley v. Bucks County*, 549 F.Supp. 160, 167 (E.D.Pa.1982). This immunity extends to pre-trial statements so long as they are related to proposed litigation. Restatement (Sec-

ond) of Torts §· 588 cmt. b & e (1977); *McArdle v. Tronetti*, 769 F.Supp. 188, 190 (W.D.Pa.1991), *aff'd*, 961 F.2d 1083 (3d Cir. 1992); *Iseley*, 549 F.Supp. at 164, 167 (defendant allegedly provided false and misleading investigatory statements and trial testimony; court dismissed all claims based on immunity). Further, a defendant is immune even if it is alleged that the defendant conspired to falsely testify. *McArdle*, 769 F.Supp. at 192 (citing cases).

Our review of Count Three indicate that it is based solely on Kite's testimony. Because Kite was a witness in a judicial proceeding and because his testimony was either at trial or was at some pretrial, protected proceeding, we find that Kite is absolutely immune from the charges asserted against him in Count Three of Rashid's Complaint.

■ Further, we find that *Heck v. Humphrey*, 512 U.S. 477, ——, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994) precludes Count Three against Kite. *Heck* bars a prisoner from collaterally attacking the validity of his conviction in a civil suit for damages when that conviction has not been overruled or otherwise invalidated. *Id.* Rashid's cause of action clearly challenges the validity of his conviction and he seeks damages as relief. There is no allegation that this conviction has been disturbed in any way, and so the ruling of *Heck* controls.

Finally, Kite requests this Court to award sanctions pursuant to Rule 11 against Rashid. This request is denied.

An appropriate Order follows.

### ORDER

AND NOW, this 24th day of June, 1996, upon consideration of Defendant Kite's Motion to Dismiss and for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, the Motion is hereby GRANTED in that Counts Two and Three are hereby DISMISSED against Defendant Kite with PREJUDICE. The Motion is hereby DE-

---

1. We cannot reasonably infer that fraud and misrepresentation were silently included in the two named claims against Kite. This is because the unasserted claims against other persons and entities in the same schedule do specify claims of fraud and misrepresentation in addition to conspiracy to violate civil rights and breach of contract. *See e.g.* Unasserted Claim against Monteverde & Hemphill, et al., Sched. B Addendum p. 2 (Bkrtcy. No. 94–14226).

NIED without PREJUDICE with respect to Count One. Defendant's request for Sanctions is hereby DENIED.