EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Héctor Allende Pérez y otros<br>    Apelantes<br><br>    v.<br><br>Agustín García y otros<br>    Apelados | Apelación<br><br>2000 TSPR 66 |

Número del Caso: AC-1999-0021

Fecha: 28/04/2000

Tribunal de Circuito de Apelaciones: Circuito Regional IV

Juez Ponente:  Hon. Rodríguez García, J.

Abogados de la Parte Apelante:

                Lcdo. Luis A. Fernández Domenech

Abogada de la Parte Apelada:

                Lcda. Damaris M. Hernández Cruz

Abogados de la Puerto Rico Telephone Co.:

                García & Fernández<br>
                Lcdo. Enrique R. Adames Soto<br>
                Lcdo. Juan Diego García Chamarro

Abogada del Departamento de Justicia:

                Lcda. Damaris M. Hernández Cruz

Materia:  Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Héctor Allende Pérez y otro

    Demandantes-apelantes

        vs.                           AC-99-21

Agustín García y otros

    Demandados-apelados

**Opinión del Tribunal emitida por el Juez Asociado SEÑOR REBOLLO LÓPEZ**

San Juan, Puerto Rico, a 28 de abril de 2000

**El peticionario Héctor Allende Pérez trabajó para la Puerto Rico Telephone Company (PRTC) hasta el 13 de diciembre de 1995, fecha en que fue cesanteado. El 26 de febrero de 1996, Allende Pérez presentó ante la Corte de Quiebras una solicitud acogiéndose a un procedimiento de quiebra, al amparo del Capítulo 7 del Código de Quiebras. Como parte del procedimiento, Allende Pérez sometió un inventario de activos y pasivos, nombrándose al Sr. Antonio Fiol Matta como síndico para que administrara el caudal en quiebra. Posteriormente, el 9 de agosto de 1996, Allende Pérez recibió la descarga correspondiente ("discharge") de la Corte de Quiebras.**

Así las cosas, <u>el 21 de octubre de 1996</u>, Allende Pérez, su esposa Carmen Soler Vargas y la Sociedad Legal de Gananciales por ellos compuesta, presentaron, ante el Tribunal de Primera Instancia, Sala Superior de Mayagüez, una demanda contra la PRTC, y varios de sus oficiales[1], alegando que el despido del señor Allende Pérez estuvo basado en motivos discriminatorios por razón de su edad, sexo e ideas políticas, en violación a sus derechos civiles.

El 3 de febrero de 1997, los codemandados PRTC, Agustín García y Andrés Pérez Arenas, presentaron moción de sentencia sumaria, en donde alegaron que: por haberse acogido a un procedimiento de quiebra, en el cual se nombró un síndico, Allende Pérez carecía de legitimación activa ("standing") para llevar la causa de acción de discrimen, ya que la misma pasó a formar parte del caudal en quiebra, y que por lo tanto, era el síndico, como única parte con interés, al que le correspondía llevar la acción, por lo que solicitaron la desestimación de la demanda. El foro de instancia determinó que <u>no</u> procedía desestimar la acción, ya que el síndico nombrado por el Tribunal de Quiebras podía radicar una solicitud de intervención en la demanda de epígrafe.

---

[1] Entre los demandados figuran: Agustín García, en su carácter personal, su esposa y la sociedad legal de gananciales compuesta por ambos; Agustín García, Presidente de la PRTC; PRTC; Celulares Telefónica; Aseguradora ABC; y Andrés Pérez Arenas, su esposa y la sociedad legal de gananciales compuesta por ambos.

Inconforme, el 2 de abril de 1998, la PRTC presentó recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones, en donde reiteró los argumentos expuestos en la moción de sentencia sumaria. Dicho foro revocó la resolución del tribunal de instancia y desestimó la demanda[2]. Oportunamente, los demandantes presentaron ante nos un recurso de apelación imputándole al Tribunal de Circuito de Apelaciones haber errado al:

> "1) ...dictar sentencia desestimando la demanda presentada por los demandantes apelantes.
>
> 2) ...resolver que la parte demandante no tiene legitimación activa ni capacidad jurídica ('standing') para ejercitar su causa de acción contra los demandados-apelados por violación a sus derechos civiles."

Acogimos el recurso radicado como uno de certiorari, por ser éste el indicado, y el 5 de agosto de 1999 expedimos el auto. Estando en condiciones de resolver el recurso presentado, procedemos a así hacerlo.

I

Por estar íntimamente relacionados entre sí, procedemos a discutir, en forma conjunta, los dos errores señalados. La controversia ante nuestra consideración se circunscribe a determinar si el Sr. Allende Pérez tiene legitimación activa

---

[2] En cuanto a las causas de acción de la esposa y la sociedad legal de gananciales, el Tribunal de Circuito de Apelaciones desestimó ambas, fundamentándose en que de los hechos alegados en la demanda no surgía una causa de acción.

para radicar una causa de acción por violación a sus derechos civiles y discrimen, luego de haberse acogido a un procedimiento de quiebra ante el Tribunal de Quiebra de los Estados Unidos, bajo el Capítulo 7 de dicha Ley; de haberse nombrado un síndico en dicho procedimiento; y de haber Allende Pérez omitido informar dicha causa de acción en el inventario sometido en el procedimiento de quiebra.

Los demandantes peticionarios sostienen que de las disposiciones del Código de Quiebra, y las Reglas de Procedimiento de Quiebra, no surge una prohibición expresa, clara y directa, que impida a un deudor, acogido a un procedimiento de quiebra bajo el Capítulo 7, ejercer por sí mismo una causa de acción por discrimen.

Por otro lado, los demandados recurridos alegan que del Código de Quiebra, y la jurisprudencia interpretativa del mismo, surge que una causa de acción por discrimen, que no se incluyó en las planillas ("schedules") del Tribunal de Quiebra, es propiedad del caudal ("property of estate"), y es el síndico el único con legitimación activa para llevar la causa de acción; esto es, que el deudor acogido al Capítulo 7 no tiene "legitimación activa" para llevar una causa de acción que es propiedad del caudal y que no ha sido abandonada por el síndico.

_____

La corrección de dicha actuación no fue cuestionada ante nos.

II

El propósito fundamental de todo procedimiento de quiebra es que el deudor tenga oportunidad de comenzar su vida económica nuevamente, mientras se protegen los intereses de los acreedores, distribuyendo entre éstos los activos del deudor de acuerdo al Código de Quiebra. <u>Collier Bankruptcy Manual</u>, Vol.2, 3d Ed.,541.01 Mathew Bender (1999). Para lograr este propósito, la Sección 541 del Código Federal de Quiebra, 11 U.S.C. sec. 541[3], dispone para la creación de un caudal en quiebra ("Bankruptcy Estate") al comienzo de los procedimientos, consistente de toda la propiedad que estará sujeta a la jurisdicción de la Corte de Quiebra ("Bankruptcy Court")[4].

La Sección 521 del Código Federal de Quiebra, 11 U.S.C. sec. 521[5], establece que entre las obligaciones que tiene un deudor que se somete a un procedimiento de quiebra, está la de incluir con su petición de quiebra un estado financiero e

---

[3] "§541.   Property of the estate

    (a)The   commencement   of   a   case   under   section
    301,302,or 303 of this title creates an estate..."

[4] Véase 28 U.S.C. sec. 1334(e), la cual le confiere jurisdicción exclusiva de toda la propiedad del caudal a la Corte de Quiebra.

[5] "§ 521. Debtor's duties

    The debtor shall-

inventario ("schedules") de <u>todos</u> sus activos y pasivos. Precisamente porque este requisito es crucial para el funcionamiento efectivo del sistema federal de quiebra, la Sección 152, 18 U.S.C. Sec. 152, le impone una penalidad de multa, cárcel, o ambas, al deudor que hace declaraciones falsas u oculta propiedades a la Corte de Quiebra.

La Sección 541(a)(1) del Código Federal de Quiebra[6], ante, establece que es "propiedad del caudal" ("property of the estate") y el deber de incluir en el inventario, <u>todo</u> interés propietario, legal o equitativo, perteneciente al deudor al comienzo del procedimiento de quiebras. Una vez el deudor presenta su inventario, sus propiedades pertenecen al caudal en quiebra[7].

Los tribunales han establecido que la antes citada Sección 541(a)(1) incluye o comprende causas de acción que pertenecían al deudor al comienzo del caso de quiebra. <u>United States</u> v. <u>Whiting Pools, Inc.</u>, 462 U.S. 198, 103 S.

---

(1)file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities..." 11 U.S.C. sec. 521.

[6] "...Such estate is compromised of all the following property, wherever located and by whomever held:

(1)Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case."

[7] Sin embargo, se le permite al deudor reclamar unas excepciones, establecidas en la Sección 522 del Código Federal de Quiebra, 11 U.S.C. sec. 522, con el propósito de exceptuar del caudal unas propiedades, las cuales de no ser así reclamadas por éste, permanecen en dicho caudal. <u>Collier on Bankruptcy</u>, Vol.5, 15th Ed., 541.04 Mathew Bender (1996).

Ct. 2309, 76 L. Ed 2d 515 (1983); In Re Ozark Restaraunt Equipment Co.,Inc., 816 F. 2d 1222, 1225, (8ᵗʰ Cir.), cert. denegado, 484 U.S. 848, 108 S. Ct. 147, 98 L. Ed. 2d 102 (1987). Específicamente se ha resuelto que las causas de acción, por discrimen en el empleo, pertenecientes al deudor al comienzo del caso de quiebra, son parte del caudal en quiebra, por lo que el deudor tiene la obligación de incluirlas en el inventario, perteneciendo dichas causas al caudal aun cuando el deudor no las haya incluido en el inventario. Véase Bickford v. Ponce De León Center, 918 F. Supp.377, 378(M.D.Fla.1996); Harris v. St. Louis Univ., 114 B.R.647 (E.D. Mo 1990); Richardson v. United Parcel Service, 195 B.R. 737 (E.D.Mo.1996).

Es de notar que, al respecto, se ha resuelto que el deudor no tiene que conocer todos los hechos o la base legal de la causa de acción; esto es, si el deudor tenía o conocía suficiente información que sugería una posible causa de acción, viene en la obligación de revelarla e incluirla. Union Carbide Corp. v. Viskase Corp. (In re Envirodyne Indus., Inc.), 183 B.R. 812 n.17 (Bankr.N.D.III.1995). Más aun, se ha determinado que cualquier reclamación potencial que el deudor pudiera tener debe ser incluida por éste, a pesar de que éstas fueran contingentes, dependientes o condicional. Westland Oil Development Corp. v. MCorp. Management Solutions, Inc., 157 B.R. 100 (S.D.Tex. 1993).

Por otro lado, la Sección 323 del Código Federal de Quiebra, 11 U.S.C. sec. 323[8], dispone que en un caso de quiebra bajo el Capítulo 7, el síndico es el único representante del caudal, y como tal, tiene <u>capacidad exclusiva</u> para demandar y ser demandado en interés del caudal. <u>Matter of Heath</u>, 115 F. 3d 521 (7th Cir. 1997); <u>Detrick</u> v. <u>Panalpina, Inc.</u>, 108 F. 3d 529, 535 (4th Cir.1997). Según la Regla 6009, de las Reglas de Procedimiento de Quiebra, 11 U.S.C. R.6009[9], el síndico, con o sin aprobación del tribunal, puede procesar, intervenir y defender cualquier acción pendiente por o contra el deudor, o comenzar y procesar cualquier acción o procedimiento en interés del caudal ante cualquier tribunal.

Así, reiteradamente los tribunales han determinado que el síndico es el sucesor de todas las causas de acción pertenecientes al deudor al comienzo del procedimiento de quiebra. <u>Jones</u> v. <u>Harrell</u>, 858 F. 2d 667, (11th Cir. 1988). Por lo tanto, si el deudor no puede establecer que la causa de acción está exenta, ésta pasa a formar parte del caudal

_____

[8] "§323. Role and capacity of trustee

   (a) The trustee in a case under this title is the represantative of the estate.
   (b) The trustee in a case under this title has capacity to sue and be sued."

[9] "With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal."

en quiebra su derecho a demandar se le transfiere al síndico, y el deudor o cualquier otra parte pierden la capacidad para presentar la acción. In re Raymond Const. Co. of Florida, Inc., 6 B.R.127 (Bankr.MD Fla. 1980); In re Mortgage America Corp., 714 F.2d 1266 (CA-5 1983); Sizemore v. Arnold, 647 N.E. 2d 697 (Ind. Ct. App. 1995).

Procede señalar que, al igual que con los demás activos que forman parte del caudal, el síndico no esta obligado a "procesar" una causa de acción que no sea provechosa para el caudal. La Sección 554 del Código Federal de Quiebra, 11 U.S.C. sec. 554[10], establece el derecho que tiene el síndico de "abandonar" determinada propiedad, incluyendo causas de acción. Cuando la causa de acción es abandonada por el

---

[10] "§ 555. Abandonment of property of the estate

(a) After notice and hearing, the trustee may abandon any property of the estate that is brudensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and after notice and hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."

síndico, el título revierte al deudor, y es, entonces, cuando éste puede presentar la misma si así lo desea.

La Sección 554(c) provee para el abandono automático de las propiedades, de parte del síndico, una vez se cierra el caso; es de notar, sin embargo, que como el abandono presupone conocimiento por parte del síndico, si el deudor no incluyó en el inventario la propiedad, una vez el caso es cerrado, la misma no se entiende abandonada. Krank v. Utica Mutual Ins. Co., 109 B.R. 668 (E.D.Pa), confirmado, 908 F. 2d 962 (3d Cir. 1990). En esa situación, al descubrirse la propiedad no incluida en el inventario, la Corte de Quiebra puede reabrir el caso si determina que la misma es provechosa para el caudal; si determina lo contrario, puede ordenar su abandono. Collier on Bankruptcy, *op.cit.*, 554.03.

En resumen, el Código de Quiebra y la jurisprudencia pertinente y relevante al caso de autos, revelan que una causa de acción por discrimen en el empleo, que existía al momento de acogerse el deudor al procedimiento de quiebras, forma parte del caudal en quiebra y el deudor tiene que incluirla en el inventario; no teniendo capacidad el deudor para presentar la acción, a menos que la causa se determine exenta, o el síndico la abandone, pues es el síndico, como única parte con interés, el que tiene capacidad legal para presentar la acción.

### III

Lo anteriormente expresado no dispone del recurso; queda por resolver en qué momento surgió la causa de acción en controversia en el caso de epígrafe. Si determinamos que la causa de acción surgió antes de comenzar el procedimiento de quiebra, resulta obvio que el señor Allende Pérez carecía de capacidad para presentarla. Si, por el contrario, determinamos que la causa de acción surgió con posterioridad al comienzo del procedimiento de quiebra, tendríamos que concluir que el foro apelativo erró en su dictamen al concluir que el señor Allende Pérez carece de capacidad. Ello así ya que el deudor, en un procedimiento de quiebra al amparo del Capítulo 7, retiene posesión de toda "propiedad" adquirida después de comenzado el caso de quiebra. In Re Ellis, 108 B.R.262 (D. Haw. 1989); Brassfield v. Jack McLendon Furniture, Inc., 953 F. Supp. 1424 (M.D.Ala. 1996).

Reiteradamente hemos manifestado que en la determinación de cuál es el punto de partida de las acciones en daños y perjuicios, es decir, cuándo surge y existe para el perjudicado la acción, rige en nuestra jurisdicción la teoría cognoscitiva del daño. Según esta teoría, el término prescriptivo comienza cuando el agraviado tuvo conocimiento del daño; ello según lo establece el Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298, pues es entonces cuando surte efectos jurídicos, ya que puede alegarse y reclamarse la indemnización correspondiente.

Además, para que comience a correr el término prescriptivo no es suficiente que el perjudicado sepa que ha sufrido un daño, sino que es necesario, también, que conozca quién es el causante del daño para poder dirigir su demanda contra éste. Colón Prieto v. Geigel, 115 D.P.R. 232, 246 (1984); Delgado Rodríguez v. Nazario de Ferré, 121 D.P.R. 347 (1988); Zambrana v. E.L.A., 129 D.P.R. 740 (1992); Toledo Maldonado v. Cartagena Ortiz, 132 D.P.R. 249 (1992); Brau del Toro, Los daños y perjuicios extracontractuales en Puerto Rico, Pub. J.T.S. Inc., San Juan, 1986.

Al así resolver, mantenemos presente que el conocimiento que tenga el titular sobre si ha nacido ya la acción que tiene derecho a ejercer es un factor determinante al evaluar si está prescrita o no dicha acción. Pues, claro está, no puede ejercitarse una acción, si de buena fe el titular desconoce que tiene derecho a ejercitarla. Vega Lozada v. J. Perez & CIA., Inc., res. el 11 de abril de 1994, 135 D.P.R.__(1994).

**En cuanto a la determinación de la fecha en que el perjudicado conoce del daño, hemos expresado que ello constituye con frecuencia un delicado problema de prueba e interpretación. La dificultad reside en la variedad de circunstancias en que se da el problema del conocimiento del daño; hechos distintos requieren soluciones diversas. Rivera Encarnación v. E.L.A., 113 D.P.R. 383 (1982).**

**En el caso de autos, no existe controversia sobre los siguientes hechos: el señor Allende Pérez fue cesanteado el**

13 de diciembre de 1995; aproximadamente dos meses después, el señor Allende Pérez presentó la petición de quiebra, acompañada de su inventario de activos y pasivos, en el cual <u>no</u> incluyó la posible causa de acción por despido discriminatorio. Si bien es cierto que el despido constituye el alegado acto ilegal, no surge de los autos si el señor Allende Pérez conocía o debía conocer la posibilidad de una causa de acción contra el patrono, es decir, si al momento de acogerse a la quiebra el señor Allende Pérez conocía que el despido era consecuencia de conducta alegadamente ilegal por parte del patrono.

Los autos no nos permiten hacer una determinación completa sobre este aspecto. Nos vemos imposibilitados de precisar con exactitud en que momento surgió la causa de acción de epígrafe y, por ende, si la misma pertenece, o no, al caudal en quiebra.[11] <u>Por ello, consideramos apropiado devolver el caso al foro de instancia para que se realice la vista correspondiente en la cual se dilucide cualquier controversia fáctica en torno al momento en que surgió la causa de acción de epígrafe.</u>


IV


_____

[11] Entendemos que para disponer de este recurso no es necesario evaluar si el Sr. Allende omitió informar su

La Regla 15.1 de las de Procedimiento Civil, T. 32 Ap. III R 15.1[12], establece, como norma general, que todo pleito se tramitará a nombre de la persona que por ley tenga el derecho que se reclama; en el caso de autos, el síndico nombrado por la Corte de Quiebra.

Ahora bien, la propia Regla 15.1 establece unas excepciones a esta norma general. Categóricamente dispone que "[n]o se desestimará un pleito por razón de no tramitarse a nombre de la persona que por ley tiene el derecho que se reclama hasta que, luego de levantarse la objeción, se haya concedido un término razonable para que la persona con derecho ratifique la radicación del pleito, o se una al mismo o se sustituya en lugar del promovente y tal ratificación, unión o sustitución tendrá el mismo efecto que si el pleito se hubiere incoado por la persona con derecho". (Enfasis suplido.) Véase: Ríos Rosario v. Vidal Ramos, 134 D.P.R. 3 (1993).

---

posible causa de acción intencionalmente, por lo tanto, no es necesario evaluar la doctrina de impedimento judicial.

[12] "Todo pleito se tramitará a nombre de la persona que por ley tenga el derecho que se reclama, pero una persona autorizada por ley podrá demandar sin el concurso de aquélla para cuyo beneficio se hace la reclamación; y cuando por ley así se disponga, podrá presentarse una reclamación a nombre del Estado Libre Asociado de Puerto Rico para beneficio de otra persona. No se desestimará un pleito por razón de no tramitarse a nombre de la persona que por ley tiene el derecho que se reclama hasta que, luego de levantarse la objeción, se haya concedido un tiempo razonable para que la persona con derecho ratifique la radicación del pleito, o se una al mismo, o se sustituya en lugar del promovente y tal ratificación, unión o sustitución tendrá el mismo efecto que si el pleito se hubiera incoado por la persona con derecho".

El propósito de la última parte de esta Regla es evitar la pérdida de un derecho y la comisión de una injusticia, permitiéndose que, mediante enmienda, se ratifique o se sustituya al titular del derecho y que la enmienda se retrotraiga al inicio del pleito, aun cuando el término prescriptivo ya hubiese vencido al momento de presentarse la enmienda. Esta disposición es cónsona con la política pública que consistentemente hemos adoptado de liberalidad en la interpretación y aplicación de las reglas y normas procesales a favor de que los casos se diluciden y resuelvan en los méritos. Véase: Martínez Arcelay v. Peñagarícano Soler, res. el 18 de marzo de 1998, 98 TSPR 29.

En consecuencia, y en virtud de lo dispuesto en la citada Regla 15.1 de Procedimiento Civil, ante, somos del criterio que lo procedente es devolver el asunto al Tribunal de Primera Instancia para que dicho foro determine en que momento surgió la causa de acción del señor Allende Pérez. De resolver que la causa de acción surgió antes del comienzo del procedimiento de quiebra, el foro de instancia debe, entonces, conceder un término razonable al señor Allende Pérez para que éste acuda a la Corte de Quiebra y solicite de dicho foro que reabra el caso con el propósito de que el síndico determine si interesa proseguir con esta causa de acción; en cuyo caso se ordenaría por el tribunal de instancia la sustitución de parte, o si por el contrario, abandona la causa de acción a favor del señor Allende Pérez, permitiéndole a éste continuar con la misma. Por otro lado,

si el foro de instancia determina que la causa de acción surgió con **posterioridad** al comienzo del procedimiento de quiebra, entonces, no procede la desestimación del caso de epígrafe, y el señor Allende Pérez puede continuar, como parte con interés, con la acción de epígrafe.

Se dictará Sentencia de conformidad.


**FRANCISCO REBOLLO LOPEZ**
**Juez Asociado**

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Héctor Allende Pérez y otro

    Demandantes-apelantes

       vs.                               AC-99-21

Agustín García y otros

    Demandados-apelados

**SENTENCIA**

San Juan, Puerto Rico, a 28 de abril de 2000

**Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la emitida en el presente caso por el Tribunal de Circuito de Apelaciones; devolviéndose el caso a la Sala Superior de Mayaguez del Tribunal de Primera Instancia para procedimientos ulteriores consistentes con lo aquí resuelto.**

**Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón no intervino.**

                     **Isabel Llompart Zeno**
                     **Secretaria del Tribunal Supremo**