Robert Francis **VONDERAHE,**
Plaintiff,

v.

Elliott **POLANIECKI, Defendant.**

No. C–1–00–871.

United States District Court,
S.D. Ohio,
Western Division.

April 18, 2001.

Robert Alfred Goering, Goering & Goering, Cincinnati, OH, for appellants.

Neal Jeffrey Weil, Office of the U.S. Trustee, Cincinnati, OH, Elliot Polaniecki, Cincinnati, OH, for appellee.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Appellant–Debtors' Appeal from Bankruptcy Proceedings (doc. 1); Appellant–Debtors' Brief in Support (doc. 3); and Appellee–Trustee's Brief in Response (doc. 7).

Appellant–Debtors (hereinafter, "Debtors"), Robert and Nancy Vonderahe filed a Petition for Chapter 7 Bankruptcy on May 7, 1999 (docs. 3 & 7). Debtors appeared for their Section 341 hearing on June 15, 1999 (*Id.*). On December 23, 1999, the Appellee–Trustee (hereinafter, "Trustee") filed an Interim Report, listing the value of a number of assets previously belonging to the Debtors as having a zero value (*Id.*). These assets included stock ownership in Vonderahe, Ltd., MBV Enterprises dba River Saloon, Vanderahe Builders, Fairfiled Glad Timeshares, and a 1994 Chevy Blazer (hereinafter collectively, "the assets") (*Id.*). On January 25, 2001, the Trustee filed a second Interim Report again listing the value of these assets as zero (*Id.*). On June 20, 2000, the Trustee filed an Application of Trustee to Approve Compromise and Sale of His Interests in Certain Non–Exempt Assets (*Id.*). The Debtors filed a Response on July 7, 2000 (*Id.*). Counsel for both Parties appeared before the Court on August 10, 2000, and presented arguments in support of their respective positions (*Id.*). On August 14, 2000, the Court entered an Order granting the Trustee's Application (*Id.*). This appeal followed.

Debtors have filed this appeal pursuant to Title 28 U.S.C. § 158(a) (2000). That section states: "[t]he district courts of the United States shall have jurisdiction to hear appeals ... from final judgments, orders, and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 11 U.S.C.

§ 158(a). Jurisdiction is proper in this case and the matter appears ripe for disposition.

The Debtors raise several issues for this Court's consideration (doc. 3). First, the Debtors argue that they were denied due process of law because the Bankruptcy Court failed to conduct a hearing when one was required by 11 U.S.C. § 363. Specifically, the Debtors argue that the status conference before the Court on August 10, 2000, was not a hearing satisfying Title 11 U.S.C. § 363 of the Bankruptcy Code. The Debtors note in this respect that no evidence was taken during this conference (doc. 3). Debtors further note that this status conference was originally scheduled to help settle this case (Id.). Next, the Debtors assert that the purchasers of the assets were not acting in good faith and that this could have been established at an evidentiary hearing. Debtors contend that the Trustee violated Local Rule 9013 by failing to accompany a Memorandum in Support with his Application to Sell (Id.). Finally, the Debtors contend that the Trustee, by virtue of his two Interim Reports abandoned these assets (doc. 3).

In its brief, the Trustee first contends that the conference before the Court on August 10, 2000 meets the requirements of Section 363 in that it afforded the Debtors an opportunity to voice their complaints (doc. 7). Specifically, the Trustee asserts that the meeting lasted more than a hour and was conducted in a formal fashion, and on the record (Id.). The Trustee further asserts that Debtors lack standing to complain in the event they were not afforded a proper hearing (Id.). Next, the Trustee asserts that a breach of the duty of good faith requires allegations of misconduct, collusion, or fraud, none of which are alleged here (Id.). The Trustee also contends that the failure to place the title Memorandum above the last paragraph of his application is insufficient grounds to suggest error (Id.). Finally, the trustee contends that at no time did he in any way abandon the assets in question, through his Interim Reports or otherwise (Id.).

The first issue involves whether the Bankruptcy Court abused Debtors' rights by failing to conduct a full evidentiary hearing on the issue of the Trustee's sales. Title 11 U.S.C. § 363(b)(1) states: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." The sole issue before the Court is whether or not the Debtors were afforded notice and a hearing as provided in the statute. Title 11 U.S.C. § 102(1) elaborates on the notice and hearing requirement of Section 363. That section states: " 'after notice and a hearing', or a similar phrase ... means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1). Section (b) of that statute further provides that no hearing is required if no party requests a hearing or there is insufficient time. Id. Both Parties here agree that a hearing was requested by the Debtors. Furthermore, since the Parties do not dispute that the Debtors were given notice of the August 10, 2000, conference with the Court, the only issue is whether or not that conference constituted a sufficient "hearing" to satisfy the requirements of Title 11 U.S.C. § 363(a).

■ Initially, the Court notes that the Bankruptcy Court, in its Order granting the Trustee's application, stated that "[a] status conference was held on August 10, 2000, at which time the parties forthrightly set forth their positions. The Court does not believe further argument of counsel would be helpful." In discussing the hearing requirement in this context, the Bank-

ruptcy Court for the Northern District of Ohio has opined that "[t]he critical factor is that an opportunity to object and be heard be given to each claimant to the property and party in interest." Appellants have cited no case-law and the Court has been unable to locate any case which would require a full evidentiary hearing in this situation. Furthermore, Appellants have not directed this Court to controlling authority even suggesting that a Court must wait until depositions have been taken in an unrelated litigation before ruling on the propriety of an application for the sale of assets. Finally, Appellants have made no offer of proof suggesting to the Court what would have been presented had such an evidentiary hearing been deemed proper by the Bankruptcy Court. Indeed, the Parties now only offer conclusory allegations that the purchasers of the assets were doing so to harass the Debtors. The Court finds it difficult to ascertain how exactly Appellants have prejudiced by the Bankruptcy Court's ruling. It is true that Appellants are entitled to due process of the law. What is not entirely clear is what process was due. The statute requires a hearing, nothing more. A full blown evidentiary hearing is not required by the statute in question.

The Appellants were afforded a full opportunity to present their objections and their arguments to the Bankruptcy Judge. Indeed, the Bankruptcy Court in its Order Granting Trustee's Application (doc. 50), found that

> the Debtors contend that this sale offer is a harassment technique and should be considered as part of the adversary proceeding pending between the parties. The adversary proceeding concerns allegations of nondischargeability of certain debts under 11 U.S.C. § 523. The Debtors have not shown any connection between the nondischargeability issues and the unsecured creditors' offer.

(doc. 50). Therefore, the Bankruptcy Court considered and ultimately rejected Appellants arguments. The Court finds no error in the Bankruptcy Court's determination. Accordingly, this Court concludes that Appellants were afforded a hearing on this matter which complied with 11 U.S.C. § 363(b).

■ Debtors next contend that the Trustee violated Local Rule 9013–1(a). That rule states: "A motion or application tendered for filing shall be accompanied by memorandum in support and, except an *ex parte* motion or application, or a motion or application which will be noticed by the clerk, shall be accompanied by a certificate of service in accordance with LBR 9013–3." The Debtors contend that since the Trustee's application contains no memorandum in support, it is invalid (doc. 3). The Trustee contends, however, that he inadvertently failed to include the subtitle "memorandum" before the last paragraph and that it is obvious from the face of the document which legally controlling precedent is being invoked (doc. 7). The Court agrees. Having reviewed the Application, it is obvious that had the subtitle "memorandum" been added before the last paragraph, the Application would have been in literal compliance with local bankruptcy rule 9013–1. Accordingly, this Court holds that the Application submitted by the Trustee meets the requirements of local bankruptcy rule 9013–1.

■ Finally, the Debtors contend that the Trustee abandoned the assets in question by listing them as a having a zero value in his two Interim Reports submitted to the Bankruptcy Court (doc. 3). In support of this proposition, Debtors cite *Rashid v. Kite*, 934 F.Supp. 144, 146–47 (E.D.Pa.1996). The Court concludes that this case is inapplicable. The Court in *Rashid* did no more than to state that it

could not determine on the record before it whether the assets had been abandoned by the trustee. *Id.* The Trustee in this action correctly points out that Title 11 U.S.C. § 554 requires notice and a hearing before the Trustee may abandon assets. No such hearing was held here. Furthermore, there can be no abandonment of estate property without a formal court order as long as the bankruptcy proceedings remain open. *In re Teltronics Services, Inc.,* 39 B.R. 446, 449 (Bankr.E.D.N.Y.1984). Accordingly, the assets in question were not abandoned and are still properly part of the bankruptcy estate.

Having reviewed this matter the Court concludes that the actions of the Trustee and the Bankruptcy Court in this case were proper and did not deny the Debtors of their entitlement of due process of law. Accordingly, the Bankruptcy Court's Order of August 14, 2000, approving the Trustee's Application to Approve Compromise and Sell of Assets is hereby AFFIRMED.

SO ORDERED.